# EXHIBIT 2

**Join Us In Boston For The Fall Conference - Register Today!**    ✕

PRACTICE RESOURCES

# Practice Alert: EOIR Guidance to Immigration Judges on Dismissals and Other Adjudications

6/12/25  |  AILA Doc. No. 25061204.  |  Expedited Removal, Removal & Relief

It has been reported in the news that EOIR leadership sent an email giving guidance to Assistant Chief Immigration Judges (ACIJs) on adjudications. The email was sent on Friday, May 30, 2025. Printed below is the full text of the EOIR email sent to ACIJs:

"Subject: Guidance on Case Adjudication

ACIJs –

During the past few months, EOIR has experienced significant changes in its caseload. EOIR's detained caseload has greatly increased in the past few months, and to meet the demands of the increasing workload on the detained dockets, we have re-emphasized goals for detained dockets and reallocated judges from non-detained dockets to detained dockets. There have been several developments with non-detained cases in the past few weeks. DHS is carrying out enforcement actions in or near EOIR space. Further, DHS attorneys have moved to dismiss cases that are currently pending in court. Given the recent developments the following guidance is provided to ensure the expeditious adjudication of cases:

1. Cases should not be reset for Oral Decision. Oral Decisions must be completed within the same hearing slot on the day testimony and arguments are concluded. If a case is continued after testimony and arguments are concluded without issuance of an oral decision, then a written decision must be issued.

2. DHS Motions to Dismiss may be made orally and decided from the bench. No additional documentation or briefing is required.

    The following information regarding DHS Motions to Dismiss may be generally helpful.

    The Motions to Dismiss is regulatory based upon INA 239.2(a)(6)[*NTA improvidently issued*] or INA 239.2(a)(7) [*circumstances have changed to such an extent that continuation is no longer in the best interest of the government*]. Generally, if DHS has met the regulatory burden, the oral motion to dismiss may be granted. A 10-day response period is not required.

    Respondents who were not continuously present for 2 years before inadmissibility was determined by an immigration officer under 212(a)(6) or 212(a)(7) of the INA may be placed in Expedited Removal (ER) Proceedings under INA 235.3 at the discretion of the AG. Expedited Removal Orders (ERO) carry a 5y bar to re-entry to the US.

    Respondents in the expedited removal proceedings are subject to mandatory detention. Fear claims are reviewed by USCIS via credible fear interviews. Negative credible fear findings are subject to Credible Fear Review before the court. If the negative credible fear determinations are affirmed by the court, Respondents are subject to the expedited removal order of the immigration officer. If negative credible fear determinations are vacated by the court, Respondents are placed in 240 Proceedings. Reasonable Fear Determinations, Reasonable Fear Review and Withholding Only Proceedings involve aliens subject to expedited removal under section 238(b) (*aggravated felons*) and aliens subject to reinstatement of prior order of removal under 241 (a)(5) who have a reasonable fear of persecution and torture.

3. DHS Enforcement actions at or near EOIR facilities: Please ensure that you, the Judges under your supervision, and your administrative staff are familiar with Policy Memo 25-06, which is found here. If you encounter any unusual circumstances with an enforcement action, please reach out to your RDCIJ to discuss. Please ensure your judges are aware of the above guidance. If you have any questions, please contact your supervisor to discuss."

**The following additional authorities may be helpful in the event, ICE OPLA makes a motion to dismiss in your case:**

The federal regulation governing "pre-decision" motions, 8 CFR 1003.23 specifies how motions should be made. The email instruction sent by EOIR conflicts with the regulation which states:

> Pre-decision motions. Unless otherwise permitted by the immigration judge, motions submitted prior to the final order of an immigration judge **shall be in writing and shall state, with particularity the grounds therefor, the relief sought, and the jurisdiction** [emphasis added]. The immigration judge may set and extend time limits for the making and replying to of motions and replies thereto. A motion shall be deemed unopposed unless timely response is made.

The email instruction sent by EOIR inaccurately quotes the regulation governing cancellation of notices to appear, 8 CFR 239.2, as requiring that *"circumstances have changed to such an extent that continuation is no longer in the best interest of the government."* The regulation actually states that an officer may cancel a notice to appear provided that "circumstances of the case" have changed, not merely that "circumstances have changed". Here is the text of the regulation:

> **Circumstances of the case** have changed after the notice to appear was issued to such an extent that continuation is no longer in the best interest of the government.

Finally, the immigration court practice manual, Chapter 3.1, indicates that responses to a filing for master calendar hearings "must be submitted within ten (10) days after the original filing with the immigration court". This has been interpreted by courts as providing respondents with a 10-day period to respond. The email instruction sent by EOIR explicitly instructs immigration judges to the contrary: "A 10-day response period is not required."

A recent EOIR Policy Memorandum emphasized the importance of impartiality and decisional independence of adjudicators, lamented that such values had been eroded in recent years, and indicated that such values would be of utmost importance going forward. [EOIR PM 25-02](), EOIR's Core Policy Values, Jan. 27, 2025. The same memorandum had a section dedicated to the barring of secret operational policies, defined to include "any operational policies related to case adjudications that were not disseminated publicly on EOIR's website or on social media." Per the memorandum, EOIR believed that the secretive nature of such policies "may have violated basic principles of administrative law."

In sum, the clandestine EOIR directive appears to violate the regulations, the immigration practice manual, and EOIR public guidance produced under this administration. Practitioners should make such arguments as appropriate and should consider trying to introduce news articles describing he secret guidance (or the guidance itself should it be released) into the record of proceedings.

*Special thanks to AILA members and the EOIR committee members for helping with this practice alert.