# EXHIBIT 5



**Executive Office for Immigration Review**
U.S. Department of Justice

**IMMIGRATION COURT PRACTICE MANUAL**

# Chapter 3 - Filing with the Immigration Court

# 3.1 - Delivery and Receipt

**(a) Filing**

Documents are filed either with the Immigration Judge during a hearing or with the immigration court outside of a hearing.  For documents filed outside of a hearing, the filing location is usually the same as the hearing location.  However, for some hearing locations, documents are filed at a separate "administrative control court."  See subsection (1), below, 8 C.F.R. §§ 1003.31, 1003.13.

    **(1) Administrative control courts –** "Administrative control courts" create and maintain the Records of Proceeding for the immigration courts within an assigned geographical area. 8 C.F.R. § 1003.11. A list of the administrative control courts along with their areas of assigned responsibility and other hearing locations is available to the public on the Executive Office for Immigration Review website at www.justice.gov/eoir.

    **(2) Shared administrative control -** In some instances, two or more Immigration Courts share administrative control of cases.  Typically, these courts are located close to one another, and one of the courts is in a prison or other detention facility.  Where courts share administrative control of cases, documents are filed at the hearing location.  Cases are sometimes transferred between the courts without a motion to change venue.  However, if a party wishes for a case to be transferred between the courts, a motion to change venue is required.  See Chapter 5.10(c) (Motion to Change Venue). A list of courts with shared administrative control is available on the Executive Office for Immigration Review website at www.justice.gov/eoir.

    **(3) Receipt rule -** An application or document is not deemed "filed" until it is received by the immigration court.  All submissions received by the Immigration Court are date-stamped

on the date of receipt. Chapter 3.1(c) (Must be "Timely"). The Immigration Court does not observe the "mailbox rule." Accordingly, a document is not considered filed merely because it has been received by the U.S. Postal Service, commercial courier, detention facility, or other outside entity.

**(4) Postage problems -** All required postage or shipping fees must be paid by the sender before an item will be accepted by the immigration court. When using a courier or similar service, the sender must properly complete the packing slip, including the label and billing information. The immigration court does not pay postage due or accept mailings without sufficient postage. Further, the Immigration Court does not accept items shipped by courier without correct label and billing information.

**(5) Filings -** Filings sent through the U.S. Postal Service or by courier should be sent to the immigration court's street address. Hand-delivered filings should be brought to the Immigration Court's public window during that court's filing hours. Street addresses and hours of operation for the Immigration Courts are available in on the Executive Office for Immigration Review website at www.justice.gov/eoir. Addresses are also available in Appendix A (EOIR Directory).

Given the importance of timely filing, parties are encouraged to use courier or overnight delivery services, whenever appropriate, to ensure timely filing. However, the failure of any service to deliver a filing in a timely manner does not excuse an untimely filing. See Chapter 3.1(c)(3) (Delays in delivery), below.

**(6) Separate envelopes -** Filings pertaining to unrelated matters should not be enclosed in the same envelope. Rather, filings pertaining to unrelated matters should be sent separately or in separate envelopes within a package.

**(7) Faxes -** The Immigration Court does not accept faxes unless the transmission has been specifically authorized by the immigration court staff or the Immigration Judge. Unauthorized transmissions are not made part of the record and are discarded without consideration of the document or notice to the sender.

**(8) Electronic filing through ECAS** — Electronic filing through ECAS is mandatory for attorneys and accredited representatives appearing as practitioners of record, as well as for DHS, in every case eligible for electronic filing. The Immigration Judge retains authority to accept paper filings at their sole discretion.

**(b) Timing of Submissions**

Filing deadlines depend on the stage of proceedings and whether the alien is detained. Deadlines for filings submitted while proceedings are pending before the Immigration Court

(for example, applications, motions, responses to motions, briefs, pre-trial statements, exhibits, and witness lists) are as specified in subsections (1), (2), and (3), below, unless otherwise specified by the Immigration Judge.  Deadlines for filings submitted after proceedings before the immigration court have been completed are as specified in subsections (4) and (5), below.

Deadlines for filings submitted while proceedings are pending before the immigration court depend on whether the next hearing is a master calendar or an individual calendar hearing.

Untimely filings are treated as described in subsection (d)(2), below.  Failure to timely respond to a motion may result in the motion being deemed unopposed.  See [Chapter 5.12](#) (Response to Motion). Immigration Judges may deny a motion before the close of the response period without waiting for a response from the opposing party.  See [Chapter 5.12](#) (Response to Motion). "Day" is constructed as described in subsection (c), below.

   **(1) Master calendar hearings**

     **(A) Unrepresented, non-detained aliens -** For master calendar hearings involving unrepresented non-detained aliens, filings must be submitted at least fifteen (15) days in advance of the master calendar hearing if requesting a ruling at or prior to the hearing. Otherwise, filings may be made either in advance of the hearing or in open court during the hearing.

When a filing is submitted at least fifteen days prior to a master calendar hearing, the response must be submitted within ten (10) days after the original filing with the immigration court. If a filing is submitted less than fifteen days prior to a master calendar hearing, the response may be presented at the master calendar hearing, either orally or in writing.

     **(B) Represented, non-detained aliens** — In proceedings in which the Form EOIR-28 is filed at least fifteen (15) days prior to a master calendar hearing, the hearing will be vacated. The Immigration Judge will issue a scheduling order that establishes the deadline by which the parties must submit written pleadings and any evidence related to the charge(s) of removability.

In proceedings in which the Form EOIR-28 is filed less than fifteen (15) days prior to the master calendar hearing, or at the master calendar hearing itself, the practitioner of record and the respondent must appear at the scheduled hearing.  If needed, the Immigration Judge will issue a scheduling order at the master calendar hearing.

The parties generally will be given thirty (30) days from the date of the vacated hearing to submit written pleadings and any evidence related to the charge(s) of removability. Responses to the filings specified above should be filed within twenty (20) days after the

original filing with the immigration court.

If the Immigration Judge finds that removability has been established, the court will issue a scheduling order establishing the deadline for the submission of any applications for relief or protection from removal and supporting documents.  The deadline will generally be sixty (60) days from the date of the order finding removability, unless otherwise ordered by the Immigration Judge.  Failure to abide by the deadlines set by the Immigration Judge for the filing of applications may result in a finding that all applications for relief have been abandoned.  A request for a master calendar hearing or an extension of the deadlines for filing should be made by written motion.  See Chapter [3.1(c)(4)](#) (Motions for extensions of filing deadlines), [3.1(c)(5)](#) (Motions for master calendar hearing).

Where a master calendar hearing is held in a case involving a non-detained, represented respondent, filings must be submitted at least fifteen (15) days in advance of the hearing if requesting a ruling at or prior to the hearing.  Otherwise, filings may be made either in advance of the hearing or in open court during the hearing.  When a filing is submitted at least fifteen days prior to a master calendar hearing, the response must be submitted within ten (10) days after the original filing with the immigration court.  If a filing is submitted less than fifteen (15) days prior to a master calendar hearing, the response may be presented at the master calendar hearing, either orally or in writing.

**(C) Detained aliens -** For master calendar hearings involving detained aliens, filing deadlines are as specified by the immigration court.

**(2) Individual calendar hearings**

**(A) Unrepresented, non-detained aliens -** For individual calendar hearings involving unrepresented, non-detained aliens, filings must be submitted at least thirty (30) days in advance of the hearing.  This provision does not apply to exhibits or witnesses offered solely to rebut and/or impeach.  Responses to filings that were submitted in advance of an individual calendar hearing must be filed within ten (10) days after the original filing with the immigration court.  Objections to evidence may be made at any time, including at the hearing.

**(B) Represented, non-detained aliens —** For individual calendar hearings involving represented, non-detained aliens, amendments to applications for relief, additional supporting documents, updates to witness lists, and other such documents must be submitted at least thirty (30) days in advance of the individual calendar hearing.  This provision does not apply to exhibits of witnesses offered solely to rebut and/or impeach.  Responses to filings must be filed within ten (10) days after the original filing with the immigration court.  Objections to evidence may be made at any time, including at the hearing.

**(C) Detained aliens** - For individual calendar hearings involving detained aliens, filing

deadlines are as specified by the immigration court.

**(3) Asylum applications -** Asylum applications in removal proceedings are categorized as either "defensive" or "affirmative."  A defensive asylum application is filed with the immigration court by an alien already in proceedings.  An affirmative asylum application is filed with the Department of Homeland Security (DHS) Asylum Office by an alien not in removal proceedings.  If the DHS Asylum Office declines to grant an affirmative asylum application, removal proceedings may be initiated.  In that case, the asylum application is referred to an Immigration Judge, who may grant or deny the application.  See 8 C.F.R. § 1208.4.

An alien filing an application for asylum should be mindful that the application must be filed within one year after the date of the alien's arrival in the United States, unless certain exceptions apply.  INA § 208(a)(2)(B), 8 C.F.R. § 1208.4(a)(2).

For information on asylum applications in streamlined removal proceedings, see Chapter 7.6 (Streamlined Removal Proceedings).

**(A) Defensive applications -** Defensive asylum applications are filed electronically, by mail, courier, in person at the court window, or in open court at a master calendar hearing.

**(B) Affirmative applications -** Affirmative asylum applications referred to an immigration court by the DHS Asylum Office are contained in the Record of Proceedings. Therefore, there is no need for the alien to re-file the application with the immigration court. After being placed in immigration court proceedings, the alien may amend their asylum application.  For example, the alien may submit amended pages of the application, as long as all changes are clearly reflected.  Such amendments must be filed by the usual filing deadlines, provided in subsections (b)(1) and (b)(2), above.  The amendment should be accompanied by a cover page with an appropriate caption, such as "AMENDMENT TO PREVIOUSLY FILED ASYLUM APPLICATION."  See Appendix E (Sample Cover Pages).

**(4) Reopening and reconsideration -** Deadlines for filing motions to reopen and motions to reconsider with the immigration court are governed by statute and regulation.  See Chapter 5 (Motions before the Immigration Court). Responses to such motions are due within ten (10) days after the motion was received by the immigration court, unless otherwise specified by the Immigration Judge.  See Chapter 5.7 (Motions to Reopen), Chapter 5.8 (Motions to Reconsider).  See also Chapter 5.12 (Response to Motion).

**(5) Appeals -** Appeals must be received by the Board of Immigration Appeals no later than 30 calendar days after the Immigration Judge renders an oral decision or provides a written decision either by mail or electronic notification**.**  See 8 C.F.R. § 1003.38, Chapter 6 (Appeals of Immigration Judge Decisions).

**(6) Specific deadlines -** The deadlines for specific types of filings are listed in Appendix C (Deadlines).

**(c) Must be "Timely"**

The immigration court places a date stamp on all documents it receives.  Absent persuasive evidence to the contrary, the immigration court's date stamp is controlling in determining whether a filing is "timely."  Because filings are date-stamped upon arrival at the immigration court, parties should file documents as far in advance of deadlines as possible.

**(1) Construction of "day" -** All filing deadlines are calculated in calendar days.  Thus, unless otherwise indicated, all references to "days" in this Practice Manual refer to calendar days rather than business days.

**(2) Computation of time -** Parties should use the following guidelines to calculate deadlines.

**(A) Deadlines on specific dates -** A filing may be due by a specific date.  For example, an Immigration Judge may require a party to file a brief by June 21, 2024.  If such a deadline falls on a Saturday, Sunday, or legal holiday, the deadline is construed to fall on the next business day.

**(B) Deadlines prior to hearings -** A filing may be due a specific period of time *prior to* a hearing.  For example, if a filing is due 15 days prior to a hearing, the day of the hearing counts as "day 0" and the day before the hearing counts as "day 1."  Because deadlines are calculated using calendar days, Saturdays, Sundays, and legal holidays are counted.  If, however, such a deadline falls on a Saturday, Sunday, or legal holiday, the deadline is construed to fall on the next business day.

**(C) Deadlines following hearings -** A filing may be due within a specific period of time *following* a hearing.  For example, if a filing is due 15 days after a master calendar hearing, the day of the hearing counts as "day 0" and the day following the hearing counts as "day 1."  Because deadlines are calculated using calendar days, Saturdays, Sundays, and legal holidays are counted.  If, however, such a deadline falls on a Saturday, Sunday, or legal holiday, the deadline is construed to fall on the next business day.

**(D) Deadlines following Immigration Judges' decisions -** Pursuant to statute or regulation, a filing may be due within a specific period of time following an Immigration Judge's decision.  For example, appeals, motions to reopen, and motions to reconsider must be filed within such deadlines.  See 8 C.F.R. §§ 1003.38(b), 1003.23.  In such cases, the day the Immigration Judge renders an oral decision or either mails or sends electronic notification of a written decision counts as "day 0."  The following day counts as "day 1."  Statutory and

regulatory deadlines are calculated using calendar days.  Therefore, Saturdays, Sundays, and legal holidays are counted.  If, however, a statutory or regulatory deadline falls on a Saturday, Sunday, or legal holiday, the deadline is construed to fall on the next business day.

**(E) Deadlines for responses -** A response to a filing may be due within a specific period of time following the original filing.  For example, if a response to a motion is due within 10 days after the motion was filed with the immigration court, the day the original filing is received by the immigration court counts as "day 0."  The following day counts as "day 1."  Because deadlines are calculated using calendar days, Saturdays, Sundays, and legal holidays are counted.  If, however, such a deadline falls on a Saturday, Sunday, or legal holiday, the deadline is construed to fall on the next business day.

**(F) Automatic extension of deadlines —** In the event of an unexpected court closure, any deadline described in paragraphs (c)(2)(A)-(E) of this chapter that falls on the date of the immigration court's closure will be automatically extended to the first business day that the immigration court is reopened. This automatic extension applies to all filings, including electronic filings through ECAS and paper filings. When an immigration court closes, an alternative filing location at a different court that remains open will continue to be provided to accommodate parties who require immediate processing of documents on an emergency basis.

**(3) Delays in delivery -** Postal or delivery delays do not affect existing deadlines.  Parties should anticipate all postal or delivery delays, whether a filing is made by first class mail, priority mail, or overnight or guaranteed delivery service.  The immigration court does not excuse untimeliness due to postal or delivery delays, except in rare circumstances.  See [Chapter 3.1(a)(3)](#) (Receipt Rule), above.

**(4) Motions for extensions of filing deadlines -** Immigration Judges have the authority to grant motions for extensions of filing deadlines that are not set by regulation.  A deadline is only extended upon the *granting* of a motion for an extension.  Therefore, the mere filing of a motion for an extension does not excuse a party's failure to meet a deadline.  Unopposed motions for extensions are not automatically granted.

**(A) Policy -** Motions for extensions are not favored.  In general, conscientious parties should be able to meet filing deadlines.  In addition, every party has an ethical obligation to avoid delay.

**(B) Deadline -** A motion for an extension should be filed as early as possible, and must be received by the original filing deadline.

**(C) Contents -** A motion for an extension should be filed with a cover page labeled "MOTION FOR EXTENSION" and comply with the requirements for filing.  See [Chapter 3](#)

(Filing with the Immigration Court), Appendix E (Cover Pages).  A motion for an extension should clearly state:

- when the filing is due
- the reason(s) for requesting an extension
- that the party has exercised due diligence to meet the current filing deadline
- that the party will meet a revised deadline
- if the parties have communicated, whether the other party consents to the extension
- a proposed revised deadline.

   **(5) Motions for master calendar hearing** — If a party believes that a master calendar hearing is necessary where a hearing has been vacated or none has been scheduled, the party must make a written motion for master calendar hearing.  The motion should be filed with a cover page labeled "MOTION FOR MASTER CALENDAR HEARING" and comply with the requirements for filing.  See Chapter 3 (Filing with the Immigration Court), Appendix E (Cover Pages).  The motion should also clearly state:

- the date of the last master calendar hearing (if any)
- the reason(s) for requesting a master calendar hearing
- the best language for the respondent
- proposed dates and times (morning or afternoon) for the new hearing

Examples of circumstances that may warrant a master calendar hearing include cases in which the respondent is an unaccompanied noncitizen child or exhibits indicia of mental incompetency.

**(d) Defective Filings**

Filings may be deemed defective due to improper filing, untimely filing, or both.

   **(1) Improper filings -** If an application, motion, brief, exhibit, or other submission is not properly filed, it is rejected by the immigration court with an explanation for the rejection.  Parties are expected to exercise due diligence.  Parties wishing to correct the defect and refile after a rejection must do so promptly.  See Chapters 3.1(b) (Timing of Submissions), 3.1(c) (Must be "Timely"), both above.  See also subsection (2), below.  The term "rejected" means that the filing is returned to the filing party because it is defective and therefore will not be considered by the Immigration Judge.  It is not an adjudication of the filing or a decision regarding its content.   Examples of improper submissions include:

- if a fee is required, failure to submit a fee receipt or fee waiver request
- failure to include a proof of service upon the opposing party
- failure to comply with the language, signature, and format requirements
- illegibility of the filing

If a document is improperly filed but not rejected, the Immigration Judge retains the authority to take appropriate action.

    **(2) Untimely filings -** The untimely submission of a filing may have serious consequences. The Immigration Judge retains the authority to determine how to treat an untimely filing. Accordingly, parties should be mindful of the requirements regarding timely filings.  See [Chapters 3.1(b)](#) (Timing of Submissions), 3.1(c) (Must be "Timely").

Untimely filings, if otherwise properly filed, are not rejected by immigration court staff. However, parties should note that the consequences of untimely filing are sometimes as follows:

- if an application for relief is untimely, the alien's interest in that relief is deemed waived or abandoned
- if a motion is untimely, it is denied
- if a brief or pre-trial statement is untimely, the issues in question are deemed waived or conceded
- if an exhibit is untimely, it is not entered into evidence or it is given less weight
- if a witness list is untimely, the witnesses on the list are barred from testifying
- if a response to a motion is untimely, the motion is deemed unopposed

    **(3) Motions to accept untimely filings -** If a party wishes the Immigration Judge to consider a filing despite its untimeliness, the party must make an oral or written motion to accept the untimely filing.  A motion to accept an untimely filing must explain the reasons for the late filing and show good cause for acceptance of the filing.  In addition, parties are strongly encouraged to support the motion with documentary evidence, such as affidavits and declarations under the penalty of perjury.  The Immigration Judge retains the authority to determine how to treat an untimely filing. EOIR will maintain an ECAS Outage Log that will note planned and unplanned ECAS system outages.  Planned system outages will not impact filing deadlines since these can be proactively addressed by the parties.  If EOIR determines that an unplanned outage has occurred, filing deadlines that occur on the last day for filing in a specific case will be extended until the first day of system availability that is not a

Saturday, Sunday, or legal holiday.

   **(4) Natural or manmade disasters -** Natural or manmade disasters may occur that create unavoidable filing delays.  Parties wishing to file untimely documents after a disaster must comply with the requirements of subsection (3), above.

**(e) Filing Receipts -** The immigration court does not issue receipts for paper filings.  Parties are encouraged, however, to obtain and retain corroborative documentation of delivery, such as mail delivery receipts or courier tracking information.  As a precaution, parties should keep copies of all items sent to the immigration court. Parties who electronically file through ECAS will receive electronic notification upon successful upload and when the filing is accepted and added to the electronic record of proceeding.

**(f) Conformed Copies -** A time-and-date stamp is placed on each filing received by the immigration court.  If the filing party desires a "conformed copy" (i.e., a copy of the filing bearing the immigration court's time-and-date stamp), the original must be accompanied by an accurate copy of the filing, prominently marked "CONFORMED COPY; RETURN TO SENDER."  If the filing is voluminous, only a copy of the cover page and table of contents needs to be submitted for confirmation.  The filing must also contain a self-addressed stamped envelope or comparable return delivery packaging.  The immigration court does not return conformed copies without a prepaid return envelope or packaging. If a case has an eROP, ECAS users may download electronic copies of filings with watermarked time-and-date stamps through ECAS.

‹ Chapter 3 - Filing with the Immigration Court          3.2 - Service on the Opposing Party ›

✉ **Executive Office for Immigration Review**

📞