# EXHIBIT 12

From: Riley, Kevin W. (EOIR) <Kevin.W.Riley@usdoj.gov>
Sent: Friday, May 30, 2025 5:43 PM
To: EOIR-OCIJ All of ACIJs <EOIR-ocij.all.of.acijs@doj365.onmicrosoft.com>
Cc: Taylor, Philip P. (EOIR) <Philip.P.Taylor@usdoj.gov>; Riley, Teresa (EOIR) <Teresa.Riley2@usdoj.gov>; Little, Anna C. (EOIR) C.Little@usdoj.gov>
Subject: Guidance on Case Adjudication

ACIJs –

During the past few months, EOIR has experienced significant changes in its caseload. EOIR's detained caseload has greatly increased in the past few months, and to meet the demands of the increasing workload on the detained dockets, we have re-emphasized goals for detained dockets and reallocated judges from non-detained dockets to detained dockets. There have also been several developments with non-detained cases in the past few weeks. DHS is carrying out enforcement actions in or near EOIR space. Further, DHS attorneys have moved to dismiss cases that are currently pending in court. Given the recent developments the following guidance is provided to ensure the expeditious adjudication of cases:

1. Cases should not be reset for Oral Decision. Oral Decisions must be completed within the same hearing slot on the day testimony and arguments are concluded. If a case is continued after testimony and arguments are concluded without issuance of an oral decision, then a written decision must be issued.

2. DHS Motions to Dismiss may be made orally and decided from the bench. No additional documentation or briefing is required.

The following information regarding DHS Motions to Dismiss may be generally helpful.

The Motion to Dismiss is regulatory based upon INA 239.2(a)(6) *[NTA improvidently issued]* or INA 239.2(a)(7) *[circumstances have changed to such an extent that continuation is no longer in the best interest of the government]*. Generally, if DHS has met the regulatory burden, the oral motion to dismiss may be granted. A 10-day response period is not required.

Respondents who were not continuously present for 2 years before inadmissibility was determined by an immigration officer under 212(a)(6) or 212(a)(7) of the INA may be placed in Expedited Removal (ER) Proceedings under INA 235.3 at the discretion of the AG. Expedited Removal Orders (ERO) carry a 5y bar to reentry to the US.

Respondents in expedited removal proceedings are subject to mandatory detention. Fear claims are reviewed by USCIS via credible fear interviews. Negative credible fear findings are subject to Credible Fear Review before the court. If negative credible fear determinations are affirmed by the court, Respondents are subject to the expedited removal order of the immigration officer. If negative credible fear determinations are vacated by the court, Respondents are placed in 240 Proceedings. Reasonable Fear Determinations, Reasonable Fear Review and Withholding Only Proceedings involve aliens subject to expedited removal under section 238(b) *(aggravated felons)* and aliens subject to reinstatement of prior orders of removal under 241(a)(5) who have a reasonable fear of persecution and torture.

3. DHS Enforcement actions at or near EOIR facilities: Please ensure that you, the Judges under your supervisions and your administrative staff are familiar with Policy Memo 25-06, which is found here. If you encounter any unusual circumstances with an enforcement action, please reach out to your RDCIJ to discuss.

Please ensure your judges are aware of the above guidance. If you have any questions, please contact your supervisor to discuss.

Thank you for all that you do,

Kevin Riley & Philip Taylor

Regional Deputy Chief Immigration Judges (Acting)