UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AFRICAN COMMUNITIES TOGETHER; and THE DOOR,<br><br>*Plaintiffs*,<br><br>v.<br><br>Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; Kristi NOEM, in her official capacity as Secretary of the U.S. Department of Homeland Security; Sirce E. OWEN, in her official capacity as Acting Director, Executive Office of Immigration Review; and Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice,<br><br>*Defendants*. | Case No. 25-cv-06366 |

DECLARATION OF SIRCE OWEN

I, Sirce Owen, declare as follows:

1. I am the Acting Director of the Executive Office for Immigration Review ("EOIR"), in the U.S. Department of Justice ("DOJ"). EOIR's mission is to adjudicate immigration cases by fairly, expeditiously, and uniformly interpreting and administering the Nation's immigration laws. Under delegated authority from the Attorney General, EOIR conducts immigration court proceedings, appellate reviews, and administrative hearings. I was appointed EOIR Acting Director in January 2025. Prior to my appointment as Acting Director, I served as an Appellate

1

Immigration Judge from August 2020 to January 2025, Assistant Chief Immigration Judge from 2018 to 2020, and Acting Deputy Director of EOIR from 2019 to 2020. From 2008 to 2016, I served as an Assistant Chief Counsel for the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). From 2016 to 2018, I served as a Deputy Chief Counsel for DHS ICE.

2. This declaration is based on my personal knowledge, approximately 17 years of immigration experience practicing in immigration courts or serving as an immigration judge at either the trial or appellate levels, and information made available to me in the course of performing my official duties.

3. As Acting Director, I oversee all agency operations, including those conducted by the Office of the Chief Immigration Judge ("OCIJ"). OCIJ is responsible for adjudicating hundreds of thousands of immigration cases through the immigration courts every year. Two types of hearings are held at Immigration Courts: master calendar hearings and individual merits hearings. Master calendar hearings generally address preliminary procedural matters including issues of removability and whether the alien is eligible for any relief or protection from removal. A single case may have multiple master calendar hearings before it is scheduled for an individual hearing. Individual hearings are generally reserved for an alien's application for relief or protection from removal with witness testimony and consideration of exhibits. At the conclusion of an individual hearing, an Immigration Judge will generally issue an oral decision, which will either order the alien removed or grant relief or protection from removal to the alien.

4. OCIJ currently has approximately 685 Immigration Judges in 72 immigration courts throughout the Nation. Within OCIJ, non-supervisory line Immigration Judges report to an

Assistant Chief Immigration Judge ("ACIJ"). EOIR currently has approximately 29 ACIJs. In turn, the ACIJs report to a Regional Deputy Chief Immigration Judge ("RDCIJ"). Currently, EOIR has three Acting RDCIJs. The RDCIJs report to the Chief Immigration Judge ("CIJ"), who leads OCIJ. *See* 8 C.F.R. § 1003.9; 28 C.F.R. § 0.117. EOIR currently has an Acting CIJ.

5. All Immigration Judges, regardless of supervisory or management status, possess the authority to adjudicate cases under the Immigration and Nationality Act, codified in Title 8 of the United States Code. However, EOIR's governing regulations do not provide any separate policymaking authorities for ACIJs or RDCIJs. *See generally* 8 C.F.R. §§ 1003.9, 1003.10. Only the CIJ has the authority to "[i]ssue operational instructions and policy, including procedural instructions regarding the implementation of new statutory or regulatory authorities." 8 C.F.R. § 1003.9(b)(1). The EOIR Director has a similar authority, 8 C.F.R. § 1003.0(b)(1)(i), but no other OCIJ employee beyond the CIJ has such authority.

6. EOIR maintains an EOIR Policy Manual ("EPM") which contains all sub-regulatory EOIR policies related to case adjudications, including practice manuals for each of EOIR's three adjudicatory components. Any operational policy that is not in the EPM is not in effect. EPM 1.1(a) ("Accordingly, any operational policies related to case adjudications previously issued by OCIJ. . .that are not contained within the Policy Manual are no longer in effect.").

7. No supervisory Immigration Judge (including an ACIJ, an RDCIJ, or the CIJ) nor the Director may instruct or command an Immigration Judge to rule in any particular way in any particular case. *See* 8 C.F.R. § 1003.0(c) ("[Subject to exceptions not relevant to the above-captioned case], the Director shall have no authority to adjudicate cases arising under [Title 8 of the United States Code] or regulations or to direct the result of an adjudication assigned to. . .an

immigration judge. . ."); 8 C.F.R. § 1003.9(c) ("The Chief Immigration Judge shall have no authority to direct the result of an adjudication assigned to another immigration judge. . .").  All Immigration Judges decide cases, including how to address motions, based on their own independent judgment and discretion under the law—and not at the direction of a supervisor or pursuant to an purported "policy" of a supervisor. *See* 8 C.F.R. § 1003.10 ("immigration judges shall exercise their independent judgment and discretion and may take any action consistent with their authorities under [Title 8 of the United States Code] and regulations that is necessary or appropriate for the disposition or alternative resolution of such cases").

8. EOIR has maintained an Immigration Court Practice Manual ("ICPM") since 2008, but this is not required to by statute or regulation.[1]  The ICPM, which is part of the larger EPM, outlines various procedures for practitioners in Immigration Court, generally tracking EOIR's regulations in Title 8 of the Code of Federal Regulations.  However, the ICPM itself is not controlling if "the Immigration Judge directs otherwise in a particular case." ICPM 1.1(b).  Moreover, the ICPM cannot and does not limit an IJ's discretion in handling a particular case. *See* ICPM 1.1(c) ("Nothing in this manual shall limit the discretion of Immigration Judges to act in accordance with law and regulation.").  Thus, as sub-regulatory guidance that was not promulgated according to Administrative Procedure Act requirements for rulemaking, the ICPM does not and cannot override an Immigration Judge's authority to act in accordance with a valid regulation.  Consequently, the ICPM does not and cannot limit an Immigration Judge's ability to take appropriate actions for the disposition of a case. *See* 8 C.F.R. § 1003.10(b) ("In deciding the individual cases before them, and subject to the applicable governing standards set forth in

---

[1] In contrast, EOIR's Board of Immigration Appeals is specifically authorized to issue "Rules of Practice" and has issued its own Practice Manual. See 8 C.F.R. § 1003.1(d)(4).

4

paragraph (d) of this section, immigration judges shall exercise their independent judgment and discretion and may take any action consistent with their authorities under the Act and regulations that is necessary or appropriate for the disposition or alternative resolution of such cases."). Finally, the ICPM makes clear that no party may or should rely on it for legal advice. ICPM 1.1(c) ("This manual does not constitute legal advice, and no parties or members of the public should construe any provision as legal advice.").

9. I am aware that the ICPM sets a default timeframe for filing motions of fifteen days prior to a master calendar hearing with a response deadline of 10 days and implies that such motions should be in writing. *E.g.* ICPM 3.1(b)(1). However, for the reasons listed in paragraph 8, Immigration Judges have discretion to waive that timeframe in accordance with the regulations. Immigration Judges have the discretion to accept oral motions made on the day of the hearing and the discretion to determine whether a written response is necessary. *See* 8 C.F.R. § 1003.10(b); *see also* ¶ 8. The governing regulations for termination or dismissal of a case in immigration court do not require a written motion filed in advance of a hearing. *See* 8 C.F.R. §§ 1003.18(d), 1239.2(b), (c).

10. In my experience, EOIR has a well-established practice of accepting oral motions during a hearing, and Immigration Judges frequently exercise their discretion and routinely grant oral motions made on the day of a hearing, particularly motions to terminate or dismiss proceedings, motions for a change of venue, and motions to administratively close a case. *See*, *e.g.*, Efficient Case and Docket Management in Immigration Proceedings ("ECDM Rule"), 89 FR 46742, 46749 (May 29, 2024) ("With regard to written and oral motions, the Department concludes that the proposed regulatory text is sufficient as written to make clear that an administrative closure

motion need not take a particular form and can therefore include both written and oral motions. . . If the Department had intended to permit only written motions, the proposed regulatory text would have explicitly stated that limitation."). I am aware that between 2021 and 2024, Immigration Judges granted tens of thousands of motions to dismiss or terminate proceedings made by DHS, including many that were made orally at a hearing.

11. In 1996, 2023, and 2025, EOIR issued sub-regulatory guidance to its employees regarding enforcement actions taken by DHS (or its predecessor, the Immigration and Naturalization Service). It is my understanding that EOIR's 2025 sub-regulatory guidance is not at issue in this case. It is also my understanding that because all three guidance memoranda were issued under the same authority, any challenge to one of them would effectively be a challenge to all three. Regardless of any EOIR sub-regulatory guidance, I am not aware of any authority in statute or regulation authorizing EOIR to prohibit DHS from lawfully exercising its statutory arrest authority under Title 8 of the United States Code, especially in public spaces. I am also aware that the Plaintiffs in the above-captioned proceeding have not identified any such authority.

12. I have reviewed the relevant information relating to the above captioned proceeding, including Plaintiffs' complaint and Plaintiffs' Exhibit 2 of the Declaration of Sarah Burr ("Ex. 2"), an email sent by Acting RDCIJ Kevin Riley on May 30, 2025, to all EOIR ACIJs with the subject line "Guidance on Case Adjudication" ("Riley Email").[2]

13. The Riley Email has been mischaracterized as both an EOIR policy and a departure from EOIR regulations and practices. Complaint at ¶¶ 78-83. Acting RDCIJ Riley does not have any authority to set or make EOIR or OCIJ policy and he would not have had such authority on

---

[2] Although the email was signed by Acting DCIJ Riley and Acting RDCIJ Phil Taylor, it was sent solely by Acting RDCIJ Riley.

May 30, 2025. Even if Acting RDCIJ Riley had such authority, because the Riley Email was not published in the EPM, it is not—and could not be—an operative EOIR policy.

14. I am aware that the Declaration of Ms. Burr makes generally the same mischaracterizations and misrepresentations regarding EOIR practices as the Complaint does for the same reasons outlined in paragraph 13.

15. In short, although unnecessary in light of EOIR's well-established practices of considering oral motions to dismiss on the day of the hearing and the regulatory authority of Immigration Judges to exercise independent judgment and discretion in deciding cases, the Riley Email did not represent a new EOIR policy (or an EOIR policy at all), did not represent a change to how EOIR adjudicates cases, and did not direct Immigration Judges how to decide cases. Rather, the Riley email was directed to ACIJs to remind them what Immigration Judges may do, *not* what Immigration Judges must do. It referenced specific statutory and regulatory authority available to Immigration Judges and did not deviate or contradict that authority, nor did it purport to. At most, it was an inartfully-drafted effort to provide awareness to ACIJs that "may be generally helpful." Whether it was helpful or not is subjective.

This declaration is made pursuant to 28 U.S.C. § 1746. I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 19, 2025.

                    Sirce Owen
                    Acting Director
                    Executive Office for Immigration Review