Re: Motion for leave to file a motion to intervene in <u>African Communities Together and The Door</u>, No. 25-cv-6366 (PKC) (S.D.N.Y.)

To:    U.S. District Judge Kevin Castel
        Daniel Patrick Moynihan
        United States Courthouse
        500 Pearl St.
        New York, NY 10007-1312

Cc:    U.S. District Judge Valerie Caproni

August 27, 2025

Judge Castel,

    Earlier today, I submitted an application in <u>African Communities Together and The Door</u>, No. 25-cv-6366 (PKC) (S.D.N.Y.) to be granted authorization to intervene in that case as an interested party. However, I just realized that that submission wasn't in full compliance with the pretextual 9/21/21 order that **a)** U.S. District Judge Valerie Caproni issued in <u>Butler v. City of New York</u>, No. 15-cv-3783 (VEC)(S.D.N.Y.) and **b)** is the first exhibit in the annexed **Exhibit A**, I, Towaki Komatsu, declare under the penalty of perjury that I seek leave to file a motion to intervene in this case as an interested party for the reasons that are stated in that earlier filing. That filing is the second exhibit within the annexed **Exhibit A**. I urge you to promptly authorize me to intervene in this case and issue an order that effectively modifies Judge Caproni's 9/21/25 order in <u>Butler</u> by increasing the page limit for the restrictions that she imposed against me to 10 pages for applications that I prepare to be granted the ability to intervene in cases. One page that is double-sided certainly isn't adequate for that.

  s_/Towaki Komatsu                                      3339 Park Ave.
                                                                 Bronx, NY 10456

                                                                  Tel: 646-579-7510
                                                                  E-mail: Towaki_Komatsu@yahoo.com

# Exhibit A

Re: Motion for leave to file a motion to intervene in <u>African Communities Together and The Door</u>, No. 25-cv-6366 (PKC) (S.D.N.Y.)

To:    U.S. District Judge Kevin Castel and U.S. Chief District Judge Laura Taylor Swain

August 27, 2025

Judge Castel,

Pursuant to the pretextual 9/21/21 order that **a)** U.S. District Judge Valerie Caproni issued in <u>Butler v. City of New York</u>, No. 15-cv-3783 (VEC)(S.D.N.Y.) and **b)** is the first exhibit in the annexed **Exhibit A**, I, Towaki Komatsu, declare under the penalty of perjury that I seek leave to file a motion to intervene in this case as an interested party for the following reasons:

1.     This case is largely about whether people who enter federal courthouses have a right to serenity and calm in them and whether federal judges have a legal duty to make certain that federal government personnel may not behave in a disruptive and intimidating manner in public areas in such courthouses outside of courtrooms. In short, my position is that since the decision that the U.S. Court of Appeals for the Second Circuit ("Second Circuit") issued on 8/2/23 in <u>Komatsu v. USA</u>, No. 23-95 (2d Cir. Aug. 2, 2023) confirms that it and other federal judges condone and enable **a)** criminal assaults against me in the Daniel Patrick Moynihan U.S. courthouse ("DPM") by federal court security officers ("CSOs") and **b)** other illegal and abusive acts and omissions by CSOs and the U.S. Marshals Service ("USMS") against me in DPM and the Thurgood Marshall U.S. courthouse ("TM") while I conduct myself in a lawful manner, my equal rights and prohibitions against discrimination prohibit other visitors to federal courthouses in New York City from not experiencing comparable illegal and otherwise abusive behavior inside of such courthouses in New York City partly by personnel of ICE. <u>Trump v. Casa</u>, No. 24A884 (U.S. Jun. 27, 2025) supports this point by noting that everyone is "bound by law". This includes all judges. Also, illegal and otherwise abusive acts and omissions against me inside of DPM and TM by CSOs and USMS personnel persist even after I dominated the U.S. Attorney's Office for the Southern District of New York, the USMS and CSOs in <u>USA v. Komatsu</u>, No. 18-cr-651 (ST) (Oct. 21, 2019) by having that malicious prosecution dismissed. That is the case due to an ongoing and criminal vendetta against me that U.S. Chief District Judge Laura Taylor Swain, U.S. District Judge Raymond Dearie, Judge Caproni, and other vile judges have condoned by inaction in response to complaints by me to them about that.

2.     The 2 images that appear as the second exhibit within the annexed **Exhibit A** are from a video recording that was recorded by a video security camera that the USMS' mafia controls. Those images are of former **a)** federal court security officer ("CSO") and **b)** NYPD mobster Ralph Morales as he criminally assaulted me on 7/9/18 inside of DPM on its first floor while I conducted myself in a lawful manner. He was criminally violating **c)** 41 CFR §102-390(a); **d)** 18 U.S.C. §1512; and **e)** 18 U.S.C. §401 then by assaulting me and preventing me from walking past him after I completed the security screening process in DPM. That occurred as other CSOs nearby failed to properly arrest him for that assault and obstruction of justice. I was assaulted yet again on 5/19/25 on the first floor in DPM by a male and bald CSO who walked into me from behind me before he then stuck a finger near my face when I confronted him about that.

  s_/Towaki Komatsu                                                                                      3339 Park Ave.
                                                                                               Bronx, NY 10456

                                                                                               Tel: 646-579-7510
                                                                                               E-mail: [Towaki_Komatsu@yahoo.com](mailto:Towaki_Komatsu@yahoo.com)

# Exhibit A

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BUTLER; RICKY GIBSON; O'BRIEN MORRIS; RICHARD EMMETT; ROSELLE DIAZ; KEVIN FAISON; SHANIQUA JACKSON; CENTER FOR INDEPENDENCE OF THE DISABLED, NEW YORK; AND COALITION FOR THE HOMELESS, *for themselves and on behalf of all others similarly situated*,

Plaintiffs,

-against-

CITY OF NEW YORK; THE NEW YORK CITY DEPARTMENT OF HOMELESS SERVICES; STEVEN BANKS, *as Commissioner of the New York City Department of Homeless Services*,

Defendants.

15-CV-3783 (VEC)

ORDER IMPOSING FILING RESTRICTIONS PURSUANT TO 28 U.S.C. §1651

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 10, 2021, the Court denied Mr. Komatsu's request to intervene in this matter, Endorsement, Dkt. 125;

WHEREAS a review of court dockets shows that since 2020, Mr. Komatsu has filed similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil Procedure 24 — in at least thirteen cases, and various judges of this court have denied his motions, *see, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 20-CV-8668, ECF No. 115 (S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, 21-CV-322, ECF No. 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York City Dep't of Educ.*, 20-CV-8964, ECF No. 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v. De Blasio*, 20-CV-5746, ECF No. 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v. DeBlasio*, 20-CV-5441, ECF No. 108 (S.D.N.Y. Aug. 13, 2020);

WHEREAS Mr. Komatsu's meritless non-party requests burden judges, court personnel, and the parties to those cases, who may understandably be confused as to how or whether to respond to the requests;

WHEREAS it is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities," *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993);

WHEREAS a court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act, *see Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982));

WHEREAS the Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings," *see In re Martin-Trigona*, 9 F.3d at 228;

WHEREAS "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (cleaned up));

WHEREAS on August 16, 2021, given Mr. Komatsu's history of filing meritless requests in cases to which he is not a party, the Court entered an order requiring Mr. Komatsu to show

cause why he should not be enjoined from filing any further documents in cases to which he is not a party unless he complies with certain conditions, Order Dkt. 134;

WHEREAS the Court required Mr. Komatsu to show cause by no later than Monday, August 30, 2021, *see id.*;

WHEREAS the Court informed Mr. Komatsu that if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause, Mr. Komatsu would be enjoined from filing documents in cases to which is not a party unless he complied with certain conditions, *see id.*; and

WHEREAS Mr. Komatsu did not submit a declaration by the August 30, 2021 deadline or any time thereafter;

IT IS HEREBY ORDERED that Mr. Komatsu is enjoined from filing any documents in cases to which he is not a party unless he complies the following conditions: Any document that Mr. Komatsu seeks to file in a case to which he is not a party must include (1) a copy of this order; and (2) a one-page, double-spaced declaration (the page must have margins of at least 1 inch on both sides and at the top and bottom), submitted under penalty of perjury, stating his legal interest in the matter and why he should be permitted to move to intervene. The one-page document must be titled: "Motion for Leave to File a Motion to Intervene."

IT IS FURTHER ORDERED that the Clerk's Office is directed not to docket any document that Mr. Komatsu submits that does not comply with the above conditions and not to return to Mr. Komatsu any document that does not comply with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

3

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Towaki Komatsu, 802 Fairmount Pl., Apt. 4B, Bronx, NY 10460, and to note the mailing on the docket.

**SO ORDERED.**

Date: **September 2, 2021**
    **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**



