Re: Motion for leave to file a motion to intervene in *African Communities Together and The Door,* No. 25-cv-6366 (PKC) (S.D.N.Y.)

To:    U.S. District Judge Kevin Castel                                    August 30, 2025

I, Towaki Komatsu, declare under the penalty of perjury that I seek leave to file a motion to intervene in this case as an interested party partly for the reasons that I previously stated in this case and to urge you to reverse your decision to let the New York State Attorney General's Office ("NYAG") to intervene in it to not let hypocrites do so. Judge Caproni's 9/21/21 order in *Butler v. City of New York*, No. 15-cv-3783 (VEC)(S.D.N.Y.) is the first exhibit in the annexed **Exhibit A**, The second exhibit shows a normal sized and enlarged image of Bronx Supreme Court court officer Anthony Manzi as he criminally seized a bag of mine on 5/23/17 in a public hallway of the Bronx Supreme Court before he was a defendant due to that in *Komatsu v. City of New York*, No. 18-cv-3698 (LGS)(GWG)(Sep. 27, 2021) that is hereinafter referred to as "K1" and the NYAG represented him in K1. The bag that Mr. Manzi seized of mine contained a copy of my 5/19/17 order to show cause application in *Komatsu v. New York City Human Resources Administration*, No. 100054/2017 (Sup. Ct., NY Cty. Feb. 26, 2020) while that case remained sealed on 5/23/17 at my request. Also, since a diligent review of my 7/20/18 filing in K1 and the written transcript that was prepared from my 10/31/19 conference with U.S. Magistrate Judge Gabiel Gorenstein in K1 jointly confirm that U.S. District Judge Lorna Schofield and Gabriel shirked their legal duty to prevent CSOs from continuing to assault, harass, and lie about me after I apprised Lorna about that on 7/20/18, these facts speak really loud about the fact that you should similarly refuse to grant others relief from comparable treatment inside of federal courthouses by ICE. My rights against discrimination demand exactly that.

  s_/Towaki Komatsu                              3339 Park Ave.
                                                 Bronx, NY 10456

                                                 Tel: 646-579-7510
                                                 E-mail: Towaki_Komatsu@yahoo.com

# Exhibit A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BUTLER; RICKY GIBSON; O'BRIEN
MORRIS; RICHARD EMMETT; ROSELLE DIAZ;
KEVIN FAISON; SHANIQUA JACKSON;
CENTER FOR INDEPENDENCE OF THE
DISABLED, NEW YORK; AND COALITION FOR
THE HOMELESS, *for themselves and on behalf of
all others similarly situated*,

                                    Plaintiffs,

                    -against-

CITY OF NEW YORK; THE NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES;
STEVEN BANKS, *as Commissioner of the New
York City Department of Homeless Services*,

                                    Defendants.

15-CV-3783 (VEC)

ORDER IMPOSING FILING
RESTRICTIONS PURSUANT TO
28 U.S.C. §1651

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 10, 2021, the Court denied Mr. Komatsu's request to intervene in

this matter, Endorsement, Dkt. 125;

WHEREAS a review of court dockets shows that since 2020, Mr. Komatsu has filed

similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil

Procedure 24 — in at least thirteen cases, and various judges of this court have denied his

motions, *see, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 20-CV-8668, ECF No. 115

(S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, 21-CV-322, ECF

No. 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York

City Dep't of Educ.*, 20-CV-8964, ECF No. 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v.

De Blasio*, 20-CV-5746, ECF No. 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v.

DeBlasio*, 20-CV-5441, ECF No. 108 (S.D.N.Y. Aug. 13, 2020);

WHEREAS Mr. Komatsu's meritless non-party requests burden judges, court personnel, and the parties to those cases, who may understandably be confused as to how or whether to respond to the requests;

WHEREAS it is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities," *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993);

WHEREAS a court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act, *see Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982));

WHEREAS the Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings," *see In re Martin-Trigona*, 9 F.3d at 228;

WHEREAS "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (cleaned up));

WHEREAS on August 16, 2021, given Mr. Komatsu's history of filing meritless requests in cases to which he is not a party, the Court entered an order requiring Mr. Komatsu to show

2

cause why he should not be enjoined from filing any further documents in cases to which he is not a party unless he complies with certain conditions, Order Dkt. 134;

WHEREAS the Court required Mr. Komatsu to show cause by no later than Monday, August 30, 2021, *see id.*;

WHEREAS the Court informed Mr. Komatsu that if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause, Mr. Komatsu would be enjoined from filing documents in cases to which is not a party unless he complied with certain conditions, *see id.*; and

WHEREAS Mr. Komatsu did not submit a declaration by the August 30, 2021 deadline or any time thereafter;

IT IS HEREBY ORDERED that Mr. Komatsu is enjoined from filing any documents in cases to which he is not a party unless he complies the following conditions: Any document that Mr. Komatsu seeks to file in a case to which he is not a party must include (1) a copy of this order; and (2) a one-page, double-spaced declaration (the page must have margins of at least 1 inch on both sides and at the top and bottom), submitted under penalty of perjury, stating his legal interest in the matter and why he should be permitted to move to intervene.  The one-page document must be titled: "Motion for Leave to File a Motion to Intervene."

IT IS FURTHER ORDERED that the Clerk's Office is directed not to docket any document that Mr. Komatsu submits that does not comply with the above conditions and not to return to Mr. Komatsu any document that does not comply with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

      The Clerk of Court is directed to mail a copy of this order to Towaki Komatsu, 802

Fairmount Pl., Apt. 4B, Bronx, NY 10460, and to note the mailing on the docket.


**SO ORDERED.**

**Date: September 2, 2021**
      **New York, NY**

                  **VALERIE CAPRONI**
                  **United States District Judge**



