**Declaration of William Botsch**

I, William Botsch, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. Since May 22, 2025, I have regularly observed immigration court proceedings at the Miami Immigration Court. I generally observe 4 days a week from 8:15 a.m. to 4 p.m. I started observing immigration court after I heard about arrests of noncitizens appearing for their mandatory court hearings.

2. When I first began observing, there was a large wave of oral motions to dismiss from ICE Office of the Principal Legal Advisor (OPLA) attorneys during noncitizens' master calendar hearings. At the beginning, IJs seemed surprised by this shift in practice and appeared confused by the government's motions to dismiss proceedings.

3. However, shortly after, it became common practice for IJs to grant these motions. I regularly saw OPLA attorneys move to dismiss cases orally without providing any advanced and/or written notice and IJs granting those motions from the bench. In support of their motions, OPLA attorneys would generally argue that circumstances had changed or that the removal proceedings were no longer in the best interest of the government. Many IJs did not require any more case-specific, individualized facts and granted the motions to dismiss on this basis alone from the bench without providing noncitizens with the opportunity to respond.

4. Following the dismissal by the IJ, ICE typically would arrest these respondents.

5. This remains common practice today.

6. For example, on January 5, 2026, I witnessed an IJ inform the parties that current caselaw requires that he grant a motion to dismiss if the OPLA attorney asserts that the general circumstances have changed and that he lacks discretion to decide otherwise. Similarly, in November 2025, I observed a different IJ note that he was operating under instructions that if an OPLA attorney moves to dismiss, he must grant it given that the government has discretion in whether to bring or cease removal proceedings.

7. In each hearing I've observed before five specific IJs, in which an OPLA attorney has brought an oral motion to dismiss based on generalized changed circumstances, these IJs have granted the motion from the bench. I have never once seen them deny such a motion. This holds true irrespective of the noncitizen's pending application for relief from removal and even where the noncitizen is represented and their counsel challenges the basis and procedural standards of the motion. This pattern has remained constant and did not shift after late September.

8. Even when dismissals are not technically granted, noncitizens are being forced to abandon their claims for relief from deportation due to IJ's practices concerning OPLA's oral motions to dismiss. For example, as recently as December 18, 2025, I observed one IJ refer

1

    to "guidance" counseling that OPLA attorneys do not need to put motions to dismiss in writing. As a result, the IJ rejected the noncitizen's attorney's argument requesting for the motion to be made in writing and informed the attorney the motion would be granted from the bench unless the respondent withdrew his applications for relief and agreed to pre-conclusion voluntary departure. After the noncitizen conferred with their attorney, the noncitizen chose pre-conclusion voluntary departure.

9. Of note, ICE officers, OPLA attorneys, and IJs have stated in my presence that many of the noncitizens whose cases are dismissed are being placed into expedited removal.

Executed on January 7, 2026

_____
William Botsch