**Declaration of Amy Lange**

I, Amy Lange, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I have been working as the Project Manager of the Immigration Court Observation Project run by The Advocates for Human Rights since May 2019. In this role, I both observe immigration proceedings, train volunteer observers, and collect data from volunteers observing immigration proceedings at the Fort Snelling Immigration Court.

2. Both my personal observations and the collected data reflect that from May 2025 until now, ICE Office of the Principal Legal Advisor (OPLA) attorneys regularly bring oral motions to dismiss noncitizens' removal proceeding without notice or evidence of case-specific changes in circumstances. Further, Immigration Judges (IJs) more often than not grant these motions to dismiss from the bench without inquiring about what individualized facts support termination.

3. This pattern has continued after September 2025. Currently, the data reflects that since September 24, 2025, 34 cases have been dismissed by IJs on these grounds. The data also reflects that this has occurred exclusively for *pro se* cases. In circumstances where a noncitizen respondent is represented and contests the motion to dismiss, I have seen IJs grant them time to submit a formal written objection and reserve decision on the issue.

4. However, where an individual appears *pro se* and OPLA attorney moves to dismiss, the IJs almost immediately issue their decision. I have seen instances in which IJs will inquire whether the noncitizen objects and after the noncitizen says yes, the IJs will state that they have already granted the motion and inform the respondent that can appeal the decision. On many occasions, I have seen IJs at the start of hearings focus on the cases OPLA attorneys move to dismiss, speedily granting the motions and dismissing the cases one after another.

5. In bringing these motions, OPLA attorneys often just state that continuing with the proceedings is no longer in the interest of the government or circumstances have changed since the issuance of the Notice to Appear. However, we have no documentation that they have ever pointed to facts specific to individuals' cases. Almost within a blink of an eye, the IJ will summarily grant these motions. Sometimes, IJs will state that they are granting the motion because they do not think the individual's case is strong.

6. I have also witnessed IJs state that they have no ability to deny OPLA attorneys' motions to dismiss as it is up to the government to decide who to prosecute.

7. Often ICE agents wait in the courtroom during the proceedings and then immediately arrest the individuals outside the courtrooms whose cases have been dismissed.

/ / /

Executed on January 7, 2026

*[signature]*

_____

Amy Lange