## Declaration of Emily Miller

I, Emily Miller, make the following declaration based on my personal knowledge and declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. In May 2025, I was hired by Border Immigration Law & Justice Center in El Paso, Texas as a Part-time Consultant Project Manager. In this role, among other responsibilities, I led program development aimed at addressing the surge in case dismissals and arrests at the immigration courthouse in El Paso. I worked in this role from May 2025 until the end of December 2025.

2. The goal of the court monitoring project I led was to document the motions attorneys from the ICE Office of the Principal Legal Advisor (OPLA) were making and how Immigration Judges (IJs) were ruling or responding in hearings in order to better inform community legal service providers. This project was part of a broader collaborative effort in El Paso to stand witness to and raise public awareness of arrests taking place outside of EOIR courtrooms.

3. In this role, I not only oversaw the collection of data regarding these hearings, but also personally observed and witnessed many master calendar hearings.

4. Both my personal observations and the collected data reflect that from May 2025 through December 2025, OPLA attorneys regularly brought oral motions to dismiss noncitizens' removal proceeding without notice or evidence of case-specific changes in circumstances. Further, IJs more often than not granted these motions to dismiss from the bench without inquiring about what individualized facts warrant termination. Although IJs sometimes notified the noncitizens before them of their right to appeal the determination, they did not provide them an opportunity to submit a written opposition before adjudicating the motion.

5. Although the quantity of motions to dismiss brought by OPLA attorney has significantly decreased since the summer, shifting from the majority of cases on the docket to a few per day, the manner in which these motions are brought and how IJs address them have not meaningfully changed.

6. I am only aware of one IJ who has questioned OPLA attorneys' inability to provide the case-specific basis of dismissal or appears to do any type of individualized assessment when waiving the procedural writing and notice period requirements.

7. In contrast, other IJs regularly grant these motions from the bench without seeking additional information and over the objection of the noncitizen, even when the noncitizen requests information as to the change of circumstances in their specific case. For example, on November 12, 2025, I observed IJ James J. Miller Jr. grant an OPLA attorney's motion to dismiss even though the OPLA attorney did not provide any explanation for the purported changed circumstances warranting dismissal. Instead, IJ Miller Jr. provided a rationale on the government's behalf, explaining that dismissal was warranted given the government's enforcement priorities and capacity.

8. Similarly, on October 7, 2025 I observed IJ Enrique A. Holguin grant an OPLA attorney's motion to dismiss even though the OPLA attorney did not provide any explanation for the purported changed circumstances. IJ Holguin stated he would dismiss the cases because an IJ cannot force the prosecution to proceed with a case they do not which to move forward.

Executed on January 7, 2026

_____
Emily Miller