

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 24, 2026

**By ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *African Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC)

Dear Judge Castel:

      This Office represents defendants (the "Government") in the above-referenced Administrative Procedure Act ("APA") case commenced by plaintiffs African Communities Together and The Door ("Plaintiffs").

      We write respectfully and regrettably to correct a material mistaken statement of fact that the Government made to the Court and Plaintiffs. Specifically, this morning, counsel from U.S. Immigration and Customs Enforcement ("ICE") informed the undersigned of the following: the memorandum entitled *Civil Immigration Enforcement Actions in or Near Courthouses*, dated May 27, 2025 – which the Government relied on in presenting its arguments in this case and referred to as the "2025 ICE Guidance" – does not and has never applied to civil immigration enforcement actions in or near Executive Office for Immigration Review ("EOIR") immigration courts. Attached to this letter is an e-mail memorandum dated March 19, 2026 (which the undersigned attorneys also received for the first time today) that was sent to ICE Enforcement and Removal Operations personnel as a "reminder that the May 27, 2025, Guidance does <u>not</u> apply to Executive Office for Immigration Review (Immigration) courts, regardless of their location." *See* Ex. A (emphasis in original).

      In light of the fact that the 2025 ICE Guidance does not apply to immigration court arrests, the Government withdraws those portions of its briefs (ECF Nos. 39, 66, 70 and 74) and the statements made at the September 2, 2025 oral argument that relied on the 2025 ICE Guidance to correct the record before the Court.[1] The Government recognizes that the Court's September 12, 2025 opinion and order (ECF No. 51) and Plaintiffs' briefs, all of which relied on the Government's prior representations regarding the applicability of the 2025 ICE Guidance,

---

[1] To be clear, the Government's withdrawal of its representations regarding the applicability of the 2025 ICE Guidance does not affect its arguments that ICE's immigration courthouse arrests do not violate any so-called common-law privilege against courthouse arrests, its arguments in support of the "EOIR Dismissal Policy" generally, and its pending motion to dismiss Plaintiffs' claim against EOIR on mootness grounds.

Hon. P. Kevin Castel                                                                                  Page 2
March 24, 2026

will need to be reconsidered and re-briefed for the Court to adjudicate Plaintiffs' APA claims against ICE on the merits.

We deeply regret that this error has come to light at this late stage, after the parties have expended significant resources and time to litigate this case and this Court has carefully considered Plaintiffs' challenge to the 2025 ICE Guidance.  This error, however, was not caused by a lack of diligence and care by the undersigned attorneys.  The undersigned were specifically informed by ICE that the 2025 ICE Guidance applied to immigration courthouse arrests.  In addition, we discussed with and obtained the approval of assigned ICE counsel before filing every brief in this case and making any oral representations to the Court and Plaintiffs.  We also transmitted copies of the Court's orders, the transcript of the September 2, 2025 oral argument, and Plaintiffs' filings to ICE counsel throughout this litigation.  Based on our discussions with ICE today, this regrettable error appears to have occurred because of agency attorney error.

At 5:00 p.m. today, we informed Plaintiffs' counsel during a Teams videoconference of this factual error and the Government's intention to immediately notify the Court and withdraw portions of its filings and statements regarding the 2025 ICE Guidance.  Plaintiffs intend to file a response promptly on the docket after they have had an opportunity to review this letter.

We deeply regret this error and thank the Court for its consideration of this letter.

                                                    Respectfully,

                                                    JAY CLAYTON
                                                    United States Attorney for the
                                                    Southern District of New York

                              By:     /s/  Tomoko Onozawa
                                                    JEFFREY S. OESTERICHER
                                                    TOMOKO ONOZAWA
                                                    Assistant United States Attorneys
                                                    Tel.:   (212) 637-2695/2721
                                                    Email:  Jeffrey.Oestericher@usdoj.gov
                                                                   Tomoko.Onozawa@usdoj.gov

Attachment

cc:     All Counsel of Record (via ECF)