# NYCLU

## ACLU of New York

April 8, 2026

*[handwritten, top right:]* There will be a conference in Courtroom 11D on April 15, 2026 at 11:00 am to set a schedule on further motions and submissions. SO ORDERED. /s/ [illegible], USDJ 4-9-26

**Via ECF**
The Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *African Communities Together et al. v. Lyons et al.*, 25-cv-06366-PKC

Dear Judge Castel:

Plaintiffs in the above-caption case write on behalf of both parties pursuant to the Court's order, ECF 79, to respectfully propose next steps in this case in light of the government's recent letter stating that Defendant Immigration and Customs Enforcement's memorandum dated May 27, 2025 does not, and never has, applied to the alleged arrest policy challenged in this litigation (the "ICE Courthouse Arrest Policy"), ECF 77.

Specifically, the parties propose the following next steps.

<u>Motion to Revise the Court's Opinion and Order re Motion to Stay, ECF 51, Pursuant to Federal Rule of Civil Procedure 54(b)</u>

The parties agree that this Court should revisit the portion of its stay decision finding Plaintiffs unlikely to succeed on the merits of their claim that the ICE Courthouse Arrest Policy is arbitrary and capricious under the Administrative Procedure Act.[1] However, the parties disagree as to whether a grant of preliminary relief is ultimately warranted on that claim. Accordingly, the parties propose the following briefing schedule:

1. Plaintiffs' motion is due on or before April 15, 2026
2. Defendants' opposition, if any, is due on or before April 29, 2026

---

[1] Federal Rule of Civil Procedure 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties … may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). District courts are therefore "empowered to revisit . . . any non-final order 'at any time before the entry of a judgment.'" *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 212 (2d Cir. 2010) (citing Fed. R. Civ. P. 54(b)). Doing so is appropriate where, as here, the Rule 54(b) motion is made based on "the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Off. Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (internal quotations omitted).

Case 1:25-cv-06366-PKC    Document 81    Filed 04/08/26    Page 2 of 3

3. Plaintiffs' reply is due on or before May 6, 2026

<u>Supplemental Briefing on Summary Judgment</u>

The parties will file concurrent supplemental briefing in support of their cross-motions for summary judgment within two weeks of this Court's decision on the Plaintiffs' motion under Rule 54(b). The parties may then file concurrent reply briefs within one week of that date.

Plaintiffs propose that the opening supplemental briefs be no more than five single-spaced pages and that the reply briefs be no more than three single-spaced pages. Plaintiffs further propose that the supplemental briefs will be limited to the impact of the government's representation that ICE's May 2025 Memo does not apply to arrests at immigration courts on the existing record and briefing. Neither party should be permitted to present new evidence or arguments that could have been previously raised. *See Sharp v. Ally Fin., Inc.*, 328 F. Supp. 3d 81, 105 (W.D.N.Y. 2018) ("It is well-established in this Circuit that new arguments raised in successive briefing papers will not be considered where those arguments could have been raised in a previous submission.") (collecting cases).

Defendants propose that the opening supplemental briefs be no more than ten single-spaced pages and that the reply briefs be no more than six single-spaced pages. Defendants further propose that the supplemental briefs should not be strictly limited to the impact of the government's representation that ICE's May 2025 Memo does not apply to arrests at immigration courts on the existing record and briefing, but rather should include any arguments necessary to adjudicate summary judgment, including any new new evidence or arguments not previously raised because of Defendants' prior incorrect reliance on ICE's May 2025 Memo.

<u>Motion for Discovery</u>

Plaintiffs intend to seek limited discovery in anticipation of filing a motion for sanctions related to the government's representation in its letter dated March 24, 2026 that the memorandum entitled *Civil Immigration Enforcement Actions in or Near Courthouses*, dated May 27, 2025, does not apply to civil immigration enforcement actions in or near Executive Office for Immigration Review immigration courts. The parties propose the following schedule:

1. Plaintiffs' motion for discovery due on April 20, 2026
2. Defendants' opposition, if any, due May 1, 2026
3. Plaintiffs' reply due May 8, 2026

In addition, or in the alternative, the parties are prepared to appear before the Court or make any submissions the Court deems appropriate.

We thank the Court for its consideration of this request.

Respectfully submitted,

NEW YORK CIVIL LIBERTIES UNION
    FOUNDATION

/s/ Amy Belsher
Amy Belsher
Elizabeth Gyori
Wafa Junaid
Claire Molholm
Thomas Munson
M. Porter*
Robert Hodgson
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3300

EMERY CELLI BRINCKERHOFF ABADY WARD &
    MAAZEL LLP

Katherine Rosenfeld
Samuel Shapiro
Emily Wanger
One Rockefeller Plaza, 8th Floor
New York, NY 10020
Tel: (212) 763-5000

* Admitted *pro hac vice*

AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION

Noor Zafar
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

AMERICAN CIVIL LIBERTIES UNION
    FOUNDATION

Michael K.T. Tan
Hannah Steinberg*
Oscar Sarabia Roman*
425 California Street, Suite 700
San Francisco, CA 94104
Tel: (415) 343-0770

MAKE THE ROAD NEW YORK

Harold Solis
Paige Austin
301 Grove Street
Brooklyn, NY 11237
Tel: (718) 418-7690

*Counsel for Plaintiffs*