

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 5, 2026

**By ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *African Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC)

Dear Judge Castel:

This Office represents defendants (the "Government") in the above-referenced Administrative Procedure Act case commenced by plaintiffs African Communities Together and The Door ("Plaintiffs"). We write respectfully to request a modification of the Court's April 30, 2026 Order (ECF No. 87), as described below. Plaintiffs do not consent to this request.

As the Court is aware, on December 3, 2025, the parties commenced simultaneous briefing on their respective dispositive motions. The Government filed a brief in support of its partial motion to dismiss Plaintiffs' claims against the EOIR Defendants and its cross-motion for partial summary judgment as to Plaintiffs' claims against the ICE Defendants. (ECF No. 66). Plaintiffs filed a brief in support of summary judgment against both sets of defendants. (ECF No. 68). Briefing on both parties' motions were completed on January 21, 2026 (ECF Nos. 74, 75).

On March 24, 2026, the Government withdrew portions of its briefs (ECF Nos. 39, 66, 70, and 74) which relied on the 2025 ICE Guidance due to the Government's representation that that guidance document did not apply to immigration courthouse arrests (ECF No. 77). The parties' April 8, 2026 joint letter to the Court reflected the parties' understanding that each side should be permitted to file "supplemental briefing in support of their cross-motions for summary judgment," ECF No. 81, at 2. It was also the Government's understanding at the April 15, 2026 conference that the Court would permit both parties to submit revised briefs. Apr. 15, 2026 Tr. at 17:22–18:8.

The Court's April 30 Order, however, only set a briefing schedule for Plaintiffs' cross-motion for summary judgment but did not account for revised briefing to correct the Government's pending partial motion to dismiss Plaintiffs' claims against the EOIR Defendants and its cross-motion for partial summary judgment as to Plaintiffs' claims against the ICE Defendants. The Government sincerely apologizes for overlooking this omission in the April 30 Order until now, but respectfully requests an opportunity to file corrected briefing on its motions to ensure that the record before the Court completely and accurately reflects the Government's

Case 1:25-cv-06366-PKC    Document 94    Filed 06/05/26    Page 2 of 3

Hon. P. Kevin Castel                                                                          Page 2 of 3
June 5, 2026

factual and legal positions in this case. Accordingly, the Government respectfully requests that the Court amend the April 30 Order with the following modifications:

(1) **June 12, 2026**: Deadline for the Government's corrected brief in support of its partial motion to dismiss and partial motion for summary judgment, and in opposition to plaintiffs' cross-motion for summary judgment.

(2) **June 26, 2026**: Deadline for Plaintiffs' brief in opposition to the government's motions and reply in further support of their cross-motion for summary judgment; and

(3) **July 10, 2026**: Deadline for the Government's reply brief in further support of its motions will be filed.

Plaintiffs oppose this request for the reasons set forth below, which were taken directly from an e-mail received from counsel today at 5:00 p.m.:

> [Defendants'] proposed modification to the schedule the Court ordered over a month ago comes far too late. That delay would prejudice plaintiffs by giving the government the benefit of seeing our brief long before submitting its own instead of submitting simultaneously briefing as originally contemplated.
>
> We believe the correct course of action at this stage would be for the Court to strike those portions of the government's original cross-motion relying on the now-disclaimed 2025 Memos. In opposing the stay motion, and now, in opposing summary judgment, the government has had every opportunity to raise responsive arguments on these points. We see no basis for the government to get a re-do of its affirmative arguments because of its own misrepresentation.

The Government disagrees with Plaintiffs' reasons for opposing the Government's request. First, the proposed amended schedule does not prejudice Plaintiffs, as their Replacement Memorandum of Law in Support of Motion for Summary Judgment filed on May 22, 2026, is substantially similar to Plaintiffs' original summary judgment brief filed on December 3, 2025. *See* ECF No. 92-1. Instead, precluding the Government from filing amended briefs in support of its dispositive motions would significantly prejudice its ability to obtain relief on the basis of a corrected record before the Court. Second, Plaintiffs' proposed "course of action" would require the Court "to read two sets of briefs"—*i.e.,* a forthcoming Government brief in opposition to Plaintiffs' replacement summary judgment brief, along with the Government's prior briefs in support of its motions—to determine what to consider and what to disregard before reaching a final decision on the merits. April 15, 2026 Tr. at 15:12–23. As the Court indicated on the record, its preference was to review "revised briefs" filed as clean copies and tracked changes, *id.* at 15:20–21, 17:22–18:2, which the Government will comply with.

We thank the Court for its consideration of this request.

Hon. P. Kevin Castel                                                          Page 3 of 3
June 5, 2026

Respectfully,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:     */s/  Tomoko Onozawa*
        JEFFREY S. OESTERICHER
        TOMOKO ONOZAWA
        Assistant United States Attorneys
        Tel.:    (212) 637-2695/2721
        Email:  Jeffrey.Oestericher@usdoj.gov
                Tomoko.Onozawa@usdoj.gov

cc:     All Counsel of Record (via ECF)