EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

June 29, 2026

***Via ECF***

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     *African Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC)

Dear Judge Castel:

Along with co-counsel, we represent plaintiff African Communities Together and The Door ("Plaintiffs") in the above-captioned action.

On May 18, 2026, acting pursuant to section 705 of the APA, this Court issued an order staying the 2025 ICE Courthouse Arrest Policies that rescinded the memo on Civil Immigration Enforcement Actions in or near Courthouses, issued on April 27, 2021 ("the April 2021 Policy") as applied to immigration courts. *See* ECF 90 ("the May 18 Stay Order"). The May 18 Stay Order applied to civil enforcement actions in or near immigration courthouses in the three locations in Manhattan principally serving the members of Plaintiff The Door: 26 Federal Plaza, 201 Varick Street, and 290 Broadway. *See id.* On June 23, a court in California also found Defendants' courthouse arrest policy arbitrary and capricious and vacated it with nationwide effect. *Pablo Sequen v. Albarran*, ---F.Supp.3d---, No. 25-CV-06487-PCP, 2026 WL 1805114, at *29 (N.D. Cal. June 23, 2026).

Unfortunately, since this Court's order, Plaintiffs have become aware of five courthouse detentions in Manhattan immigration courts, all of which have raised serious concerns about Defendants' compliance. ICE has also maintained a heavy presence in those courthouses on a near-daily basis, which contributes to precisely the intimidating effect that this Court found constitutes irreparable harm to plaintiffs. *See Afr. Communities Together*, 2026 WL 1382944, at *7; *see also Pablo Sequen*, 2026 WL 1805114, at *29 (noting the 2025 guidance disregarded "the 2021 guidance's concerns about the impact of widespread arrests on the functioning of immigration courts").

Most recently, on June 25, 2026, ICE detained at least two people attending immigration-court hearings, neither of whom it has released. Both individuals have filed habeas petitions that

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

are currently pending in this District. *See Carchi Lopez v. Genalo et al.*, No. 26 Civ. 5394 (JHR); *see also Yosepf Batista v. Genalo et al.*, No. 26 Civ. 05408 (MKV). Defendants have asserted that these detentions comply with the 2021 guidance restored through this Court's May 18 Stay Order. But this assertion appears to strain credulity past a breaking point. The circumstances of one individual detained this past Thursday, Alejandro Yoseph Batista, are set forth in greater detail below so as to illustrate the serious concerns that these detentions raise about compliance.

We request that the Court permit Plaintiffs to conduct limited expedited discovery into ICE's arrest of five and potentially more individuals since the May 18 Stay Order was entered, in anticipation of potential action by Plaintiffs to compel compliance with the Court's Order and in aid of crafting potential remedial solutions to what appears to be ICE's non-compliance with the May 18 Stay Order. Specifically, Plaintiffs request that the Court: (1) order ICE to produce a witness for deposition pursuant to Fed. R. Civ. P. 30(b)(6), by no later than July 8, 2026, to testify on behalf of the agency regarding the facts and circumstances of all courthouse detentions after the Court's stay order, (2) order ICE to produce any and all training or guidance materials related to the Court's May 18 Stay Order or the June 23 Vacatur Order in *Pablo Sequen*; and (3) order ICE to provide all documents concerning those arrests to Plaintiffs' counsel.

## I.      ICE's Actions Appear to Violate the May 18 Stay Order

The May 18 Stay Order reinstated the April 2021 Policy as it applies to ICE's arrests at the three immigration courthouses in Manhattan. The April 2021 Policy limits the circumstances when ICE may conduct civil immigration enforcement actions in immigration courthouses, providing, *inter alia*, that:

> A civil immigration enforcement action may be taken in or near a courthouse if (1) it involves a national security threat, or (2) there is an imminent risk of death, violence, or physical harm to any person, or (3) it involves hot pursuit of an individual who poses a threat to public safety, or (4) there is an imminent risk of destruction of evidence material to a criminal case.

> In the absence of hot pursuit, a civil immigration enforcement action also may be taken in or near a courthouse against an individual who poses a threat to public safety if: (1) it is necessary to take the action in or near the courthouse because a safe alternative location for such action does not exist or would be too difficult to achieve the enforcement action at such a location, and (2) the action has been approved in advance by a Field Office Director, Special Agent in Charge, Chief Patrol Agent, or Port Director.

ECF 24-1 at 3 (footnotes omitted).

Yet ICE's recent detentions appear to disregard this guidance. For instance, Mr. Yoseph Batista has no criminal history apart from being cited for trespassing on private property related to his entry into the U.S. in November 2024. Since then, he has complied with immigration supervision; appeared for immigration-court hearings at least three times; and had no contact with the criminal system.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

ICE's arrest of Mr. Yoseph Batista appears to violate the April 2021 Policy and therefore the May 18 Stay Order. ICE cannot claim in good faith that Mr. Yoseph Batista falls into the categories of the April 2021 Policy permitting arrest at an immigration courthouse in the event of an emergency, such as in the event of a national security threat, imminent risk of death, violence or physical harm, or "hot pursuit." The only remaining basis for his arrest under the April 2021 Policy is that ICE deemed him to "pose a threat to public safety," making it necessary to arrest him at the courthouse in the absence of a "safe alternative location." ECF 24-1 at 3. Such an arrest would require pre-approval by designated officials. *See id.*

The government cannot reasonably contend that an individual whose sole criminal history stems from a charge arising from his entry into the United States poses a threat to public safety, necessitating his arrest at an immigration courthouse, particularly when he has been fully compliant with immigration authorities since that time. Such a reading of the April 2021 Policy would sweep so widely, and allow the arrest of so many individuals appearing in immigration courts, as to eviscerate the stated goal of preserving access to justice without chilling individuals' access to courthouse.

In any event, if ICE concluded that Mr. Yoseph Batista did pose a threat to public safety, ICE would have been required to determine there was no safe alternative location for his arrest and seek pre-approval of his arrest under the terms of the April 2021 Policy, and Plaintiffs seek copies of all documents evidencing such pre-approval of both his arrest and all other arrests at the covered Manhattan courthouse since the May 18 Stay Order.

## II.    Limited Expedited Discovery is Needed

As noted, Plaintiffs are aware of at least five arrests made by Department of Homeland Security personnel ("DHS") at the covered immigration courthouses in Manhattan since the Court issued the May 18 Order. The first three individuals arrested were released shortly following their arrests. After each of these arrests, we have conferred in good faith, most recently on June 26, 2026, with the government about the bases for the arrests and expressed our concerns that ICE is not complying with the May 18 Stay Order. Plaintiffs also requested that the government advise what steps it had taken to train and inform ICE personnel at the covered courthouse about the Court's Order, and to provide Plaintiffs with written guidance on the May 18 Stay Order the government claims it provided.

However, despite our attempts to gain compliance from ICE through the informal meet-and-confer process followed to date, ICE has continued to detain noncitizens attending those courts. In particular, ICE's arrest of Mr. Yoseph Batista on Thursday, June 25, 2026, appears on its face to violate the parameters for such arrests set forth in the April 2021 Policy, and therefore to violate the May 8 Stay Order.

Plaintiffs believe that the requested expedited discovery is necessary to gain timely information, determine whether enforcement action is warranted, and craft remedial solutions to these apparent violations of the Court's order. The limited expedited discovery requested—a 30(b)(6) deposition of ICE and the production of documents concerning all arrests at the covered courthouse since May 18, 2026—is the most reliable and efficient way to determine the facts of

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

these arrests and advise the Court about whether or not ICE is complying with the Court's order. Given the number of incidents in just the past month, and the fact that Mr. Yoseph Batista's arrest appears to flout the April 2021 Policy, ICE's "say so" about these incidents is no longer sufficient.

The undersigned advised the government via telephone on June 26, 2026, and again via email today, that we intended to bring this matter to the Court's attention. We also asked the Government for its position on Plaintiffs' request for expedited discovery, but given the urgency of the matter, we have proceeded to file this request without their response.

The Court's attention to this matter is appreciated.

Very truly yours,

*/s/ Katherine Rosenfeld*

Katherine Rosenfeld
Sam Shapiro

c.        All counsel (via ECF)