**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

July 16, 2026

**By ECF**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:     *African Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC)

Dear Judge Castel:

This Office represents defendants (the "Government") in the above-referenced Administrative Procedure Act case commenced by plaintiffs African Communities Together and The Door.  We are writing respectfully to clarify a statement made in Defendants' Corrected Reply Memorandum in Further Support of Their Partial Motion to Dismiss and Partial Motion for Summary Judgment, filed on July 10, 2026 (ECF No. 106) ("Gov't Reply Br.").

On July 14, 2026, Government counsel received an email from Plaintiffs' counsel in which they expressed their belief that the Government had made a "misrepresentation" in its reply brief and asked the Government to "withdraw this argument." The statement in question from the Government's Reply Brief is as follows:

> Plaintiffs' opposition brief argues that final relief should 'vacate the challenged policies in full, not just as to Plaintiffs in this case.' Pls.' Opp. Br. at 24.  As an initial matter, this argument should be deemed waived because it was not raised in Plaintiffs' opening brief (ECF No. 92), or in their prior briefs in this case.

Gov't Reply Br. at 8.  Plaintiffs believe the Government's statement is factually incorrect because they did request that the challenged policies be vacated in full as relief in their opening motion papers.

To clarify, the Government's statement did not assert and was not intended to assert that Plaintiffs have never requested relief in the form of full vacatur of the challenged agency actions. Indeed, the Government agrees that Plaintiffs' prayer for relief asked the Court to "[v]acate and set aside" the challenged policies, *see* Compl. p. 28, and that the vacatur request was repeated in a single sentence in the final "CONCLUSION" section on the last page of Plaintiffs' opening brief:

> For the reasons discussed above, and to provide complete relief to Plaintiffs, this Court should vacate the challenged policies in full.  *See Nat'l Mining Ass'n v. U.S. Army Corps of Eng'rs,* 145 F.3d 1399, 1409 (D.C. Cir. 1998) (finding agency action vacated in full,

Hon. P. Kevin Castel                                                                                           Page 2
July 16, 2026

        not only as applied to plaintiffs); *Corner Post, Inc. v. Bd. of Governors of Fed. Reserve Sys.,* 603 U.S. 799, 838 (2024) (Kavanaugh, J., concurring); *Rural & Migrant Ministry,* 565 F. Supp. 3d at 605–06; *see* Baltimore Decl. ¶ 10; Konaté Decl. ¶ 8.

Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment ("Pls.' Br.") (ECF No. 68), at 25.  *See also* ECF No. 68, at 25.

        However, in its reply brief, the Government was objecting to Plaintiffs' inclusion of two pages of legal argument in support of full vacatur, which were not in their opening brief, but appeared for the first time in their brief in opposition to the Government's summary judgment motion and reply in further support of their cross-motion.  *See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Partial Motions to Dismiss and for Summary Judgment (ECF No. 99), at 24–25.  Accordingly, the purpose of the sentences in question was to briefly state the Government's position that Plaintiffs' detailed legal arguments in support of universal vacatur were untimely because they were presented for the first time on reply.  *See, e.g., United States v. McCauley*, 659 F.3d 645, 652 n.4 (7th Cir. 2011) ("A single sentence in an opening brief is not enough to preserve an argument, even if that argument is expanded upon in a reply brief.").  At the same time, however, given that the Court may disagree and hold that Plaintiffs have timely and properly presented those arguments, the Government's reply brief also responds to the substance of Plaintiffs' arguments for the Court's consideration.  Defs.' Reply Br. at 8–10.

        We apologize to Plaintiffs and the Court for any confusion caused by the Government's statement about this issue.  We thank the Court for its consideration of this letter.

                                    Respectfully,

                                    JAY CLAYTON
                                    United States Attorney

By:     */s/ Tomoko Onozawa*
            JEFFREY S. OESTERICHER
            TOMOKO ONOZAWA
            Assistant United States Attorneys
            Tel.:  (212) 637-2695/2721
            Email:  Jeffrey.Oestericher@usdoj.gov
                         Tomoko.Onozawa@usdoj.gov

cc:     All Counsel of Record (via ECF)