NYCLU
ACLU of New York

October 14, 2026

*By ECF*

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *African Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC)

Dear Judge Castel:

The New York Civil Liberties Union Foundation, along with the American Civil Liberties Union Foundation, Make the Road New York, and Emery Celli Brinckerhoff Abady Ward & Maazel LLP, represents Plaintiffs African Communities Together and The Door ("Plaintiffs") in the above-referenced action.

We write with Defendants' consent to request that the deadline for Plaintiffs' motion for attorneys' fees and costs, to the extent conflicting authority suggests it may be as soon as October 19, be adjourned. On October 1, 2026, the Court granted in part Plaintiffs' motion for summary judgment, ECF No. 110, and judgment was entered on the docket on October 5, 2026, ECF No. 111. Plaintiffs intend to submit a fee application pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), and intend to argue that they are eligible for fees under *both* Section 2412(d) and Section 2412(b). *See Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 190 (2d Cir. 2000); *Sierra Club v. U.S. Army Corps of Eng'rs.*, 776 F.2d 383, 391-92 (2d Cir. 1985); *Brown v. Sullivan*, 724 F. Supp. 76, 79-80 (W.D.N.Y. 1989).

The deadline to file a fee application under Section 2412(d) is 30 days from the date this Court's judgment becomes final if Defendants do not appeal, or 30 days from any subsequent final judgment if they do. *See* 28 U.S.C. § 2412(d)(1)(B); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30–day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). Due to conflicting authority on whether fees sought under Section 2412(b) follow the same deadline or the 14-day deadline in Federal Rule of Civil Procedure 54(d)(2)(B), we write respectfully to request that the deadline for Plaintiffs' entire fee application, including the portion under Section 2412(b), be adjourned to a later date. *See, e.g., Sloan v. U.S. Dep't of Hous. & Urban Dev.*, 196 F. Supp. 2d 16, 20–21 (D.D.C. 2002) (Section 2412(b) petition governed by Rule 54(d)(2)(B)'s 14-day deadline); *but see Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 581 n.1 (6th Cir. 2005) (30-day EAJA deadline applies to applications under Section 2412(b)).

Accordingly, Plaintiffs make this request to ensure a single, uniform deadline for their planned fee application—both to avoid partial briefing that may be premature and to enable a more efficient process at the conclusion of the litigation. Plaintiffs have not previously sought an adjournment of this deadline, and Plaintiffs request permission for the parties to propose a briefing schedule once Defendants' time to appeal has expired or any appeal is resolved.

Respectfully submitted,

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Noor Zafar
125 Broad Street, 18th Floor
New York, NY 10004
Tel: (212) 549-2500

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

Michael K.T. Tan
Hannah Steinberg*
Oscar Sarabia Roman*
425 California Street, Suite 700
San Francisco, CA 94104
Tel: (415) 343-0770

NEW YORK CIVIL LIBERTIES UNION FOUNDATION

/s/ Wafa Junaid
Wafa Junaid
Amy Belsher
Elizabeth Gyori
Claire Molholm
Robert Hodgson
125 Broad Street, 19th Floor
New York, NY 10004
Tel: (212) 607-3300

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

Katherine Rosenfeld
Samuel Shapiro
Emily Wanger
One Rockefeller Plaza, 8th Floor
New York, NY 10020
Tel: (212) 763-5000

MAKE THE ROAD NEW YORK

Harold Solis
Paige Austin
301 Grove Street
Brooklyn, NY 11237
Tel: (718) 418-7690

* Admitted *pro hac vice*

*Counsel for Plaintiffs*