# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AFRICAN COMMUNITIES TOGETHER; and THE DOOR,

Plaintiffs,

v.

DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security; SIRCE E. OWEN, in her official capacity as Acting Director, Executive Office of Immigration Review; and TODD BLANCHE, in his official capacity as Attorney General, U.S. Department of Justice,

Defendants.[1]

Case No. 25 Civ. 6366 (PKC)

**PLAINTIFFS' REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS VENTURELLA, MULLIN, OWEN, AND BLANCHE**

PLEASE TAKE NOTICE THAT, pursuant to Federal Rules of Civil Procedure 34 and Southern District of New York Local Civil Rule 26, Plaintiffs African Communities Together and The Door, by their attorneys, Emery Celli Brinckerhoff Abady Ward & Maazel LLP, New York Civil Liberties Foundation, American Civil Liberties Union Foundation, and Make the Road New York hereby demand that Defendants David J. Venturella, Markwayne Mullin, Sirce E. Owen, and Todd Blanche produce for copying and inspection at Emery Celli Brinckerhoff Abady Ward & Maazel LLP, One Rockefeller Plaza, 8th Floor, New York, NY 10020, within thirty days, all documents and materials described herein.

## DEFINITIONS

[1] Pursuant to FRCP 25(d) allowing for the automatic substitution of a public officer who is a party in an official capacity following that public officer's resignation, Plaintiffs have updated the case caption accordingly.

Plaintiffs hereby incorporate the Uniform Definitions in Discovery Requests contained in Local Rule 26.3 in addition to the following definitions:

1. Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2. Document. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

3. Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

4. Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

5. You/Your. The terms "you" or "your" refer to Defendants.

6. Parties. The terms "Plaintiffs" and "Defendants" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This

definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

7. Person. The term “person” is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. Concerning. The term “concerning” means relating to, referring to, describing, evidencing or constituting.

9. All/Each. The terms “all” and “each” shall be construed as all and each.

10. And/Or. The connectives “and” and “or” shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these discovery requests all responses that might otherwise be construed to be outside of their scope.

11. Number. The use of the singular form of any words includes the plural and vice versa.

12. ICE. The term “ICE” means the U.S. Immigration and Customs Enforcement.

13. The 2025 ICE Guidance. The January 21, 2025 memorandum, titled *Interim Guidance: Civil Immigration Enforcement Actions in or Near Courthouses*, and the May 27, 2025 memorandum, titled *Civil Immigration Enforcement Actions in or Near Courthouses* dated May 27, 2025.

**RULES OF CONSTRUCTION**

1. In responding to the following document requests (collectively the “requests”), you shall furnish all information that is available to you, including information in the possession, custody, or control of your attorneys, investigators, experts, representatives, or other agents.

2. If any document responsive to the requests has been lost, destroyed, or is otherwise unavailable, describe and identify each such document by stating in writing: (i) the

name(s) of the authors(s), the name(s) of the person(s) who received the original and all copies, and the date and subject matter, (ii) the last known custodian of the document, (iii) the incident, event, or occurrence during which such document was lost, destroyed, or otherwise became unavailable, (iv) each person having knowledge of the circumstances of it being lost, discarded, or destroyed, and (v) your efforts to locate each such document.

3. If a claim of privilege is asserted with respect to any document, or you refuse to disclose any document requested herein on any other ground, state the basis for your claim that such document need not be disclosed with such specificity as will permit the Court to determine the legal sufficiency of your objection or position, and, for each such document, identify:

a. whether the document contains a request for legal advice and, if so, identify the person who requested the legal advice;

b. whether the document contains advice as to the meaning or application of particular laws or rules in response to such request;

c. any further information to explain and support the claim of privilege and to permit the adjudication of the propriety of that claim;

d. the nature of the privilege (including work product) that is being claimed and if the privilege is being asserted in connection with a claim or defense governed by state law, indicate the state's privilege rule being invoked;

e. the type of document, e.g., letter or memorandum; the general subject matter of the document; and such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author, addressee and any other recipient of the document, and, where not apparent, the relationship of the author, addressee and other recipient to each other.

4. If, in answering these requests, you claim any ambiguity in interpreting either the request or a definition instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond; rather you shall set forth in a part of your response to such a

request the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

5. You shall respond separately and completely to each document request, or subdivision thereof, setting forth the question in full followed by each answer.

6. With respect to the documents requested, these requests seek production of all documents described, in their entirety, along with any attachments, drafts and non-identical copies.

7. Questions regarding the interpretation of these requests should be resolved in favor of the broadest possible construction.

8. The documents produced in response to these requests shall be: (i) organized and designated to correspond to the categories in the requests, or (ii) produced in a form that accurately reflects how they are maintained by you in the normal course of business, including but not limited to the following:

a. that all associated file labels, file headings and file folders be produced with the responsive documents from each file, and that each file be identified as to its owner(s) or custodian(s);

b. that all pages now stapled or fastened together be produced stapled or fastened together; and

c. that all documents which cannot legibly be copied be produced in their original form.

9. These requests are to be considered as continuing and Defendants are requested to provide, by way of supplementary responses hereto, such additional information as it or any persons acting on its behalf may hereafter obtain that will augment, clarify or otherwise modify the responses now given to this request. Such supplementary responses are to be filed and served upon counsel for plaintiff as soon as practicable after receipt of such information or documents.

**DOCUMENT REQUESTS**

1. All internal and external communications between and among any defendant in this action, his or her subordinates or representatives, and/or his or her predecessor and successors in office, including the "assigned ICE counsel," ECF No. 77 at 2, concerning the application of the 2025 ICE Guidance to immigration courthouses.

2. Documents sufficient to identify the individual(s) at ICE who provided the information to Defendants' counsel in this case that the 2025 ICE Guidance applied to immigration courthouse arrests. *See* ECF No. 77 ("The undersigned were specifically informed by ICE that the 2025 ICE Guidance applied to immigration courthouse arrests.").

3. All communications sent or received by the individual(s) identified in Request No. 2 concerning the application of the 2025 ICE Guidance to immigration courthouses.

4. Documents sufficient to identify the "counsel for ICE" who advised Defendants' counsel in this case on March 24, 2026 that the 2025 ICE Guidance "does not and has never applied to civil immigration enforcement actions in or near Executive Office for Immigration Review ("EOIR") immigration courts." ECF No. 77.

5. All communications sent or received by the "counsel for ICE" identified in Request No. 4 concerning the application of the 2025 ICE Guidance to immigration courthouses.

6. Documents sufficient to identify "the assigned ICE counsel" who approved "every brief in this case" and "any oral representations to the Court and Plaintiffs." ECF No. 77.

7. All communications sent or received by the "assigned ICE counsel" identified in Request No. 6 concerning the application of the 2025 ICE Guidance to immigration courthouses.

8. All communications sent or received by Liana J. Castro, Assistant Director, Field Operations, Enforcement and Removal Operations, ICE, concerning the "Reminder" notice dated March 19, 2026, ECF No. 77-1.

9. The names, A-numbers, current location, and detention status of all individuals detained at NYC Federal immigration courthouses from September 12, 2025 (the date the Court denied Plaintiffs' motion to stay) to May 18, 2026 (the date of the Court's Order granting Plaintiff's motion to revise the Court's opinion and Order dated September 12, 2025).

Dated: October 14, 2026
New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

/s/

Katherine Rosenfeld
Sam Shapiro
Emily Wagner
Sydney Zazzaro

One Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Plaintiffs*