UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AFRICAN COMMUNITIES TOGETHER and
THE DOOR,

Plaintiffs,

25-cv-6366 (PKC)

-against-

ORDER

TODD LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the United States Department of Homeland Security; DAREN K. MARGOLIN, in his official capacity as Director, Executive Office of Immigration Review; and TODD BLANCHE, in his official capacity as Acting Attorney General, U.S. Department of Justice,

Defendants.
---------------------------------------------------------------x
CASTEL, U.S.D.J.

Now that the merits of the Administrative Procedure Act ("APA") challenges in this action have been adjudicated (ECF 110), plaintiffs seek to conduct discovery on the issue of sanctions. The sanctions issue surfaced after the Court's receipt of a letter of March 24, 2026, from two Assistant United States Attorneys ("AUSAs") for this District, who wrote "respectfully and regrettably to correct a material mistaken statement of fact that the Government made to the Court and Plaintiffs." (ECF 77.) The letter withdrew portions of four briefs (ECF 39, 66, 70, & 74) and "statements" made at oral argument. These statements went to the heart of a motion to stay under section 705 of the APA, which this Court heard and decided six months earlier. See African Communities Together v. Lyons, 799 F. Supp. 3d 362, 392-96 (S.D.N.Y. 2025). The

letter stated that the AUSAs had learned of the misstatement that morning from counsel for United States Immigration and Customs Enforcement ("ICE").

On March 25, 2026, this Court issued an Order requiring the United States Attorneys' Office ("USAO") and the defendants to preserve certain documents relating to their actions. (ECF 80.) Plaintiffs had raised the issue of sanctions, and the Court indicated that it would defer the issue until after the merits were decided. (Apr. 15, 2026 Tr. 18-19.)

The admitted "misstatements" had many collateral consequences, including a round of briefing on a motion seeking a revision of the Court's original Opinion and Order of September 12, 2025 (ECF 51), that had denied a stay with respect to the arrest policies (ECF 85, 86, 88, & 89); a revised Opinion and Order of May 18, 2026 (ECF 90), granting a stay of certain arrest policies; an amended memorandum of law in support of summary judgment by plaintiffs (ECF 92); a "corrected brief" by the government (ECF 94 & 97); an amended reply and opposition memorandum by plaintiffs (ECF 99); and an amended reply by the government (ECF 106). But, most significant of all, was the continued arrests of individuals at or near immigration courts in circumstances that would not have been permitted under the May 18, 2026, stay issued on the basis of corrected facts.

Plaintiffs propose to conduct discovery over a sixty-day period consisting of a request for production of documents ("RFP") and the following four depositions, with three of the deponents generically described:

> (1) the individual(s) at ICE who provided the information to the [USAO] that the 2025 ICE Guidance applied to immigration courthouse arrests. *See* ECF No. 77 . . . .; (2) the "counsel for ICE" who advised the USAO on March 24, 2026 that the 2025 ICE Guidance "does not and has never applied to civil immigration enforcement actions in or near Executive Office for Immigration Review ("EOIR") immigration courts." Id.; (3) "[T]he assigned ICE counsel" who approved "every brief in this case" and "any oral representations to the Court and Plaintiffs." Id.; and (4) Liana J. Castro, Assistant Director, Field

> Operations, Enforcement and Removal Operations, ICE (author of "Reminder" at ECF No. 77-1, as issued on March 19, 2026 ("This broadcast serves as a reminder that the May 27, 2025, Guidance does not apply to Executive Office for Immigration Review (Immigration) courts, regardless of their location.")).

(ECF 114 at 3.)

Plaintiffs advise that they were informed that "the government takes no position on Plaintiffs' request for discovery." (Id. at 1.) The Court will allow the requested discovery, except that RFP No. 9 is modified and will not require the "current location" and "detention status" of those arrested in or near immigration courts in New York City between the date of the original denial of the stay and its ultimate grant by this Court. The request exceeds the scope of the inquiry on sanctions.

Plaintiffs may file their motion for sanctions on December 18, 2026. The government may respond by January 20, 2027, and the plaintiffs may reply by February 3, 2027.

The Clerk of Court is respectfully directed to terminate the letter motion at ECF 114.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
October 15, 2026