ECBAWM
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL

*New York Office*
One Rockefeller Plaza
8th Floor
New York, New York 10020

*California Office*
1816 Fifth Street
Berkeley, California 94710

Tel: (212) 763-5000
Fax: (212) 763-5001
www.ecbawm.com

October 27, 2026

***Via ECF***

Hon. P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*Re:* *African Communities Together v. Lyons*, No. 25 Civ. 6366 (PKC)

Dear Judge Castel:

Along with co-counsel the New York Civil Liberties Union, Make the Road New York, and the American Civil Liberties Union, we represent Plaintiffs African Communities Together and The Door (collectively, "Plaintiffs"). We write to respectfully request that the Court order Defendants to promptly identify the three witnesses generically described in the deposition notice the Court granted Plaintiffs leave to serve, and to produce the four witnesses for deposition per the Court's October 15, 2026 Order.

On October 15, 2026, the Court granted Plaintiffs leave to conduct limited discovery concerning Defendants' misrepresentations throughout the first seven months of this case, including granting Plaintiffs' request to conduct four depositions. *See* ECF 115 at 2-3. In granting Plaintiffs' letter motion, the Court noted that Defendants took "no position" on Plaintiffs' request for discovery. *Id* at 3.[1]

On October 16, 2026, Plaintiffs served on Defendants a Notice of Depositions, listing the four depositions the Court had granted Plaintiffs leave to take, and requested that Defendants identify the names of the deponents described in the notice by October 23, 2026.

At 5:42 p.m. on October 23, Defendants' counsel responded as follows: "I'm writing to respond to Plaintiffs' request for names and potential deposition dates by today. We

[1] Before filing their application on October 14, 2026, Plaintiffs asked Defendants for their position on Plaintiffs' request for discovery and provided Defendants with a copy of the proposed document requests and a list (by name or description) of the witnesses they sought to depose. With this information in hand, Defendants told Plaintiffs they took "no position" on Plaintiffs' request for discovery. Plaintiffs advised the Court that Defendants took "no position" in their October 14 letter motion. *See* ECF 114 at 1.

have conferred with the agency and as of today, the agency's position is that the DHS/ICE individuals identified generically in plaintiffs' notices and Liana J. Castro should not be subject to depositions. The agency is engaging in further internal discussions about this issue and will follow up with our office later next week." *See* Exhibit A.

Defendants' objection to Plaintiffs' noticed depositions should be rejected. Defendants took "no position" on Plaintiffs' request for discovery, knowing that Plaintiffs' request specifically included the four depositions Plaintiffs seek to take. Now, without any explanation, Defendants object to these same four depositions. By taking no position on Plaintiffs' original request for discovery, Defendants waived their right to now object to the discovery Plaintiffs requested and this Court granted. This latest example of the government shifting its positions midstream in this case—the very conduct about which the Court authorized discovery in anticipation of a potential motion for sanctions—should not be tolerated.

Nor has the government provided any reason to Plaintiffs for the agency's new position that these witnesses should not be subject to deposition. These individuals are four government employees allegedly involved in or responsible for providing the material misstatements, or with knowledge of the material misstatements.[2] As the Court already ruled, their depositions are proper.

Plaintiffs respectfully request that the Court order Defendants to identify the deponents Plaintiffs seek to depose and provide available dates for their depositions by no later than October 30, 2026.

Respectfully submitted,
/s
Katherine Rosenfeld
Samuel Shapiro
Sydney Zazzaro

c. All counsel of record, *via ECF*

[2] The Court granted Plaintiffs leave to depose: (1) the individual(s) at ICE who provided the information to the United States Attorney's Office ("USAO") that the 2025 ICE Guidance applied to immigration courthouse arrests. See ECF No. 77 ("The undersigned were specifically informed by ICE that the 2025 ICE Guidance applied to immigration courthouse arrests."); (2) the "counsel for ICE" who advised the USAO on March 24, 2026 that the 2025 ICE Guidance "does not and has never applied to civil immigration enforcement actions in or near Executive Office for Immigration Review ("EOIR") immigration courts." Id.; (3) "[T]he assigned ICE counsel" who approved "every brief in this case" and "any oral representations to the Court and Plaintiffs." Id.; and (4) Liana J. Castro, Assistant Director, Field Operations, Enforcement and Removal Operations, ICE (author of the "Reminder" at ECF No. 77-1, as issued on March 19, 2026 ("This broadcast serves as a reminder that the May 27, 2025, Guidance does not apply to Executive Office for Immigration Review (Immigration) courts, regardless of their location.")).